IN THE MATTER OF THE CLAIM OF L. B. ISON, APPELLANT, FOR FEES IN CERTAIN CASES.

DISTRICT ATTORNEYS—ACTIONS BY THE BOARD OF SCHOOL LAND COMMISSIONERS.—In suits brought by the board of school land commissioners, in the name of the state, for the foreclosure of mortgages to secure school moneys, the state is a party within the meaning of section 945 of the civil code. In such suits it is the duty of the district attorney for the district where the suit is brought to prosecute or defend the same, as the case may be, and he is entitled therefor to the fee of twenty-five dollars, prescribed in subdivision 5 of section 1041 of the code of civil procedure. The board has authority in its discretion to employ counsel to assist in such prosecution or defense.

APPEAL from Union County.

Appellant was, at the October term, A. D. 1877, of the circuit court for Union county, and still is, district attorney of the fifth judicial district of the state of Oregon, in which district Union county is situated. During the term appellant applied to the court to ascertain and allow and order paid to him by the state of Oregon, certain fees for his appearance in a number of civil suits, brought in the name of the state by the board of school land commissioners, which had been tried and determined at said term. The court rejected the claim, and from its order thereon this appeal was taken.

*L. B. Ison*, appellant, appeared in person.

*Bonham & Ramsey*, for the Board of School Land Commissioners, respondent.

By the Court, WATSON, J.:

We are of the opinion that the appellant had the right to appear in and conduct each of the suits named in the order

from which this appeal is taken, and that he is entitled to
receive from the state of Oregon a fee of twenty-five dollars
in each suit.    The constitution of the state provides that
the prosecuting attorneys " shall be the law officers of the
state, and of the counties within their respective districts,
and shall perform such duties pertaining to the administra-
tion of law and general police as the legislative assembly
may direct."  (Const. of Oregon, article 7, sec. 17.)

Section 945, title 1 of chapter 13 of the code of civil
procedure, provides that "he shall prosecute for all penal-
ties and forfeitures to the state, which may be incurred in
any county in his district, and for which no other mode of
prosecution and collection is expressly provided by statute,
and in like cases prosecute or defend, as the case may be,
all actions, suits or proceedings in any county in his dis-
trict, to which the state or such county may be a party."

Section 1041 of the code of civil procedure regulates the
fees of the district attorney.   Subdivision 5 of that section
provides that he shall receive " for prosecuting or defend-
ing any other civil action, suit or proceeding, not herein
mentioned, to which the state or any county in his district
may be a party, twenty-five dollars."

Section 1042 of the code of civil procedure provides that
at each term of court, the court shall ascertain the fees to
which the district attorney is entitled for the term, and direct
that an order be entered in the journal that the same be paid.
It further provides that in a civil action, suit or proceed-
ing in which the state is a party, the fees of the district
attorney shall be paid by the state.   The meaning of those
provisions of the constitution and of the statute is clear.
The district attorney, or, as named in the constitution, the
prosecuting attorney, is the law officer of the state in his
district.   It is his duty to prosecute or defend, as the case
may be, all actions, suits or proceedings in any county in
his district to which the state or such county may be a party,
except in cases where the statutes expressly provide for
some other mode of prosecution or defense, and for so pros-
ecuting or defending any action, suit or proceeding in which
the state is a party, he is entitled to receive from the state

a fee of twenty-five dollars, where no other compensation is expressly provided by statute. It is the duty of the court at each term to ascertain the amount of his fees to which he is entitled at that term, and to enter in the journal an order that they be paid.

In the suits named in the order under review the state was plaintiff and it was the duty of the appellant to appear therein and prosecute or assist in their prosecution, and he was entitled to the fees prescribed by the statute for such services unless some other express provision of statute provides another mode of prosecuting such suits.

It is claimed by counsel, who have been permitted to file a brief on behalf of the board of commissioners of school lands, that for the prosecution of the suits for which fees are claimed by the district attorney in this case, another mode of prosecution is expressly provided by law. In support of this theory our attention has been directed to the provisions of section 5 of article 8 of the constitution, constituting the board of commissioners for the sale of school and university land, and for the investment of the funds arising therefrom, and to section 24 on page 635 of the general laws, and section 34 on page 637 of the general laws, and it is insisted that the board of school land commissioners, being intrusted by the constitution with the management of the funds arising from the sale of school and university land, and being by the statutes referred to expressly authorized to foreclose the mortgages mentioned in the order under review, and to contract for all legal services required by the board for the foreclosure of mortgages upon the best terms consistent with the interest of the fund, not to exceed ten per centum of the amount collected, the board has the right to prosecute suits to foreclose such mortgages as are given to the state for the benefit of those funds, in the name of the state, by counsel employed by the board, without the assistance of the district attorney, and that he has no right to appear in or claim fees in such suits. We are satisfied that the board has the right to employ counsel whenever it is necessary to foreclose mortgages, but we do not think that right inconsistent with the duty of the

district attorney to appear in suits brought to foreclose such mortgages when the state is a party to such suits. He is the "law officer" of the state. The state is a party. No matter how many counsel are employed to assist him in such suits, it is his duty to appear and represent the state, which can appear only by its attorneys. There is no repugnancy in the statutes defining his duties and those authorizing the board to contract for legal services in foreclosing mortgages. They may well stand together.

The rule of statutory construction that a special provision will control a general one and a subsequent enactment will govern a prior one, only applies when there is a repugnancy between such provisions or enactments. It is the duty of the district attorney to appear for the state in all cases in which it is a party. Whenever the state is a party to a suit to foreclose a mortgage given for the benefit of the school or university fund, it is his duty to prosecute for the state, and in such case his fee is fixed by law at twenty-five dollars. The board may leave the management of the suit to him alone, or if in their judgment it is necessary and to the interest of the fund to contract with other lawyers to assist him they may do so. It is to be presumed that they would only do this when in the exercise of a sound discretion they believe it necessary. This we take to be the true rule of construction of all of the sections of the statute examined by us in this case taken together, and we think that it avoids any repugnancy between them.

It is not necessary for us in this opinion to pass upon the right of the district attorney to appear in any suits to foreclose mortgages in which the board of commissioners, for the sale of school and university lands and the management of the funds arising therefrom, are parties. It is objected to the claim of appellant to be allowed fees in these suits, that he did not actually prosecute them. The order shows that he appeared and offered to do so, but was prevented by other counsel assuming the management of the suits. We think he did all he could. It is not claimed that he in any way neglected his duty.

It follows from the views herein expressed that the judg-

ment of the court below should be reversed, and this case remanded to the court below, with the direction to allow the appellant the sum of twenty-five dollars in each of the suits named in its order, and that it cause to be entered in its journal an order that the same be paid by the state of Oregon.