[Filed January 30, 1888.]

W. E. MOORE, APPELLANT, *v.* JACOB FRAZER, RESPONDENT.

PURCHASER AT FORECLOSURE SALE—EVIDENCE.—The title of a purchaser at a foreclosure sale, who is a stranger to the decree, may be proven by the decree the order confirming the sale, and the sheriff's deed.

PLEADING—EVIDENCE—VARIANCE.—An allegation of a purchaser at a foreclosure sale that the mortgage was given to the board of commissioners for the sale of school lands, etc., and thereafter foreclosed, is sustained by proving a decree in favor of the State of Oregon foreclosing the same mortgage, and such variance is not material.

EQUITABLE ESTOPPEL—LEGAL TITLE.—In an action at law to recover possession of real property, an equitable estoppel cannot prevail against the legal title. The equity could only be brought before the court in such case by cross-bill, as provided in section 381 of Hill's Code.

APPEAL from Umatilla County. Affirmed.

*Tustin & Leasure*, and *Ramsey & Bingham*, for Appellant.

*Bailey & Ballery*, and *Cox & Minor*, for Respondent.

STRAHAN, J.—This is an action of ejectment, brought to recover certain real property situate in the city of Pendleton. Both parties claim title through James M. Moore, the plaintiff by quit-claim deed dated October 30, 1886, and duly recorded in said county of Umatilla on November 1, 1886. The defendant claims through a decree of foreclosure of a mortgage, which decree was entered by default in the Circuit Court of Umatilla County, Oregon, on the twenty-third day of October, 187ℬ. The mortgage alleged to have been foreclosed by this decree was dated October 27, 1871, and made by James M. Moore and wife to the board of commissioners for the sale of school lands and the management of the common school fund, to secure the payment of a note for six hundred dollars, money borrowed from said board by Moore. The mortgage covers the lots in controversy in this action. It seemed to be conceded upon the argument that if the decree of foreclosure was sufficient, and that said mortgage was foreclosed by said proceeding, the defendant through mesne conveyances has. succeeded to all the interest James M. Moore had in said premises at the time of the execution of said mortgage. This state of the record presents the question, what must a stranger to a decree who purchases real property sold by virtue thereof prove in order to sustain his title to such property.

1. The general rule in such case is that the purchaser depends on the judgment, the levy, and the deed. All other questions are between the parties to the judgment and the officer. (*Phillips* v. *Coffee*, 17 Ill. 154.) By the statute of this State, and the practice under it, this rule is modified in two particulars: *First*, the sale must be confirmed before the deed can be

executed; and *second*, in case of foreclosure proceedings, no levy is necessary. The execution in such case is special, and directs the sale of the particular property, so that the title of the purchaser takes effect by relation as of the date of the mortgage against all parties to the suit, thus defeating all intermediate conveyances and encumbrances. So it was said in *Cloud* v. *El Dorado Co.* 12 Cal. 128, the purchaser rests for title upon the judgment, execution, levy, sale, and deed, and he need show no more to entitle him to whatever rights the defendant in execution had in the property sold; and the same rule is announced in *Clark* v. *Lockwood*, 21 Cal. 220. In *Biddle* v. *Bush*, 27 Tex. 675, it is said that a purchaser at a sheriff's sale is bound to show only a valid judgment, execution, and sheriff's deed; and although the levy be shown by the execution to have been defective, that is but an irregularity of the officer, which will not defeat the title of the purchaser if he is otherwise without fault. So it was said in *Carpenter* v. *Doe*, 2 Ind. 465, that a purchaser at a sheriff's sale is bound only to show the judgment of a competent court, an execution warranted by the judgment, and a sale and deed under it. And the same principle is stated in *Crane* v. *Hardy*, 1 Mich. 56; *Shafer* v. *Bolander*, 4 Iowa, 201; *Griffith* v. *Bogert*, 18 How. 158; *Laudes* v. *Perkins*, 12 Mo. 329; *Butterfield* v. *Walsh*, 21 Iowa, 97; *Yates* v. *St. John*, 12 Wend. 74.

2. But counsel for appellant further claim that inasmuch as the defendant has, by his answer, in addition to pleading title in himself, gone further and undertaken to set out how he deraigns title, he is bound to prove a title deraigned in the particular manner alleged in his separate answer. All of this separate answer was redundant. It states, in effect, that James M. Moore was the owner of the property in controversy on the 27th of October, 1871; that he borrowed of the common school fund from the State six hundred dollars, and that on said day he executed and delivered to the board of commissioners for the sale of school lands and the management of the common school fund a mortgage covering said property; that said mortgage was duly foreclosed by suit, and the property sold on an execution

issued on said decree, from which source the defendant derived title through mesne conveyances. The decree offered in evidence was one given in a suit wherein the State of Oregon was the plaintiff and the said James M. Moore and wife were the defendants, foreclosing the said mortgage. The plaintiff objected to this decree, but his objections were overruled, and an exception taken. Counsel for appellant contend that this decree does not tend to prove the allegations contained in the separate answer of defendant, showing how his title was derived; that to sustain his allegations, the defendant must produce a decree in a suit brought in the name of the board of commissioners, to whom said note and mortgage were made payable, foreclosing said mortgage. It will be observed that the defendant's answer does not allege in *whose name* said suit was prosecuted.

The practice in such foreclosure suits does not seem to have been uniform. Sometimes these suits have been brought in the name of the State (*Ison's Appeal*, 6 Or. 465); in other cases they were prosecuted, not in the name of the State (*Hazard's Appeal*, 9 Or. 366), but presumptively in the names of the persons composing the board in their official capacity. But in either event, the legal effect of the proceedings would be the same; the mortgage would be foreclosed, and a sale under the decree would divest all interest of the mortgagor and transfer it to the purchaser. The supposed variance, if it existed, would not be material. The plaintiff could not have been misled by it, nor did he allege that he had been so misled, nor did he offer any proof on that subject. Had he made the necessary proof on the subject in the court below, that court would have ordered the pleading to be amended on such terms as would have been just. In the absence of such proof, it was the duty of the court to treat the alleged variance as immaterial. (Code, § 96.) But when the defendant pleaded title in himself, he did all that was necessary for him to do. (Code, § 319.) All beyond that was redundancy, and no doubt would have been stricken out by the court on motion. It was only repeating in another form what had been already fully presented in the preceding part of the answer. It was an attempt to plead the evidence which the

pleader considered tended to prove plaintiff's title. But there is still another conclusive answer to the plaintiff's exception on this point. If the mortgage were excluded, there is still enough , remaining to establish the defendant's title under the rule previously stated. The decree in favor of the State was for the recovery of money, and it took effect upon the interest of James M. Moore in the real estate in controversy from the time it was docketed, and an execution issued on said decree, and a sale by virtue thereof, would vest in the purchaser all the interest the defendant therein then had in said property, without regard to the mortgage. In no view of the subject, therefore, is there any ground for the plaintiff's contention.

3. We have not found it necessary to consider the doctrine of *equitable estoppel*, as sought to be applied by the defendant in this case, further than to say that the same could not be made available in a court of law to defeat a purely legal title. To enable the court to consider a purely equitable title, or any facts which in equity subordinate a legal title, and give the defendant the better right by reason of his superior equity, the same must be brought before the court by cross-bill, as provided in section 381 of the Code. This the defendant did not do, nor was it necessary. His defense was complete at law.

These conclusions are decisive of every question in this case, and require an affirmance of the judgment of the court below, and it is so ordered.