### BROSNAN v. WHITE.

#### Circuit Court of Appeals, Ninth Circuit. February 6, 1905.)

#### No. 1,081.

1. EJECTMENT—COMPLAINT—ENTRY OF ESTATE.

Under Carter's Alaska Civ. Code, § 303, providing that, in an action to recover possession of real property, plaintiff, in his complaint, shall set forth the nature of his estate in the property, whether it be in fee, for life, or for a term of years, etc., and that he is entitled to possession thereof, and that defendant wrongfully withholds the same from him, to his damage in such sum as may be therein claimed, plaintiff is not required in such action to further state the nature of her estate in the property.

2. SAME—COMMON SOURCE.

Where both parties to an action of ejectment claimed from a common source, it was unnecessary for either to deraign title from another source, or to pursue the chain of title further back than their common grantor.

[Ed. Note.—For cases in point, see vol. 17, Cent. Dig. Ejectment, §§ 59-62.]

3. SAME—DEPARTURE.

Plaintiff in ejectment alleged that she and S. went on the premises in March, 1898, which were then unoccupied, and erected a building thereon. Defendant alleged that on March 6, 1898, the premises were unoccupied and unclaimed, and were entered and appropriated by G., who thereafter conveyed to C., who conveyed to R., who conveyed to defendant; that defendant had no notice of plaintiff's claim, and that he had made valuable improvements upon the property. Plaintiff replied, admitting defendant's allegations as to entry on the unappropriated land by G. and his conveyance to R., and that defendant had erected the improvements as alleged, but denied that it was done without notice of plaintiff's interest, and denied that S. conveyed to R. or that R. conveyed to defendant, and then alleged that S. conveyed an undivided half interest to plaintiff, who was then in possession as a tenant in common, and from that time plaintiff continued to occupy the premises until ousted by defendant as alleged in the complaint. Held that, in the absence of a motion or demurrer, the departure in the reply, with reference to the appropriation of the land, from the allegation in the complaint, was not such as to justify the trial court in rendering judgment for defendant on the pleadings.

In Error to the District Court of the United States for the Third Division of the District of Alaska.

The plaintiff in error and the defendant in error having been respectively the plaintiff and the defendant in the court below, they will be so designated here.

The plaintiff brought an action of ejectment against the defendant, alleging in her complaint, in substance, as follows: That the plaintiff is the owner

of an undivided one-half interest in, and is entitled to the possession of, lot 4, in block 8, in the town of Valdez; that the nature of the estate of plaintiff in and to said described premises is that of prior possession; that in the month of March, 1898, said premises were a portion of the unsurveyed, unclaimed, and unoccupied public lands of the United States, subject to settlement thereon for the purposes of business, trade, and residence; that the plaintiff and one William Spencer, while the same was unoccupied and unclaimed public land of the United States, went upon the same and erected thereon a substantial building, and occupied and used the same for a hotel as tenants in common; that the plaintiff continued to occupy the same until' the month of November, 1900, when the defendant, without right or title, entered into possession of said premises, and ousted and ejected the plaintiff therefrom, and now wrongfully and unlawfully withholds the same and the possession thereof from the plaintiff.

The answer denied the allegations of the complaint, and set up a further and separate defense, the substance of which is in the following paragraphs:

First. That on March 6, 1898, the premises described in the complaint were unoccupied, unclaimed, and unsurveyed public lands of the United States, and that, while they were so unoccupied, one S. W. Gray went upon said premises, and claimed and appropriated the same by posting a notice thereon, and by filing a notice of record with the town recorder, which notice was recorded at page 3 of Book of Town Lot Records of the town of Valdez.

Second. That thereafter, during the month of March, 1898, said Gray erected on said premises a house, and occupied the same as a residence and hotel.

Third. That on July 7, 1898, said Gray, for a valuable consideration, sold and conveyed said premises to one William Spencer by a deed which was recorded at pages 23 and 24 of the Town Lot Records of the town of Valdez, and said William Spencer thereupon went into possession of said premises.

Fourth. That on November 24, 1900, the said Spencer, for a valuable consideration, sold and conveyed said premises to J. P. Roberts by a deed recorded at pages 189 and 190 of Smith's Record of Deeds for Valdez precinct.

Fifth. That on November 30, 1900, said Roberts, for a valuable consideration, sold and conveyed said premises to the defendant, and that ever since that date the defendant has been, and now is, the owner in fee simple of and in the possession thereof.

Sixth. That the defendant had no notice or knowledge of the plaintiff's right, title, or interest in or to said premises; that the plaintiff's pretended interest did not appear of record; and that the defendant purchased said premises in good faith, and for a valuable consideration, and without notice or knowledge of plaintiff's pretended title or interest.

Seventh. That since the defendant purchased said premises he has made valuable improvements thereon by erecting a large saloon and lodging house, the reasonable value of which is $6,000; and that said improvements were made in good faith, and without any knowledge or notice of plaintiff's pretended interest.

To this answer the plaintiff replied, admitting the truth of the first, second, and third paragraphs of said affirmative matter of the answer. As to the fourth and fifth paragraphs, she denied any knowledge or information sufficient to form belief, "and therefore denies the said paragraphs and the whole thereof." She denied the whole of the sixth paragraph. She admitted that the defendant had made valuable improvements as alleged in paragraph 7, and that they were of the value of $6,000, but she denied that the improvements were made in good faith, or without notice or knowledge of her interest. She alleged further in the reply that on July 17, 1898, while the plaintiff and said William Spencer were in possession of said premises, and claiming the same under the town site laws of the United States as tenants in common, and while using the same premises for purposes of business, trade, and residence, said Spencer did, by a good and sufficient deed, for a valuable and adequate consideration, to wit, the sum of $175, sell and convey an undivided one-half interest in and to said premises, together with the buildings thereon, to the plaintiff; and that thereafter the plaintiff continued to occupy said premises for the purposes of trade and business until the month of November, 1900, when the defendant entered upon said premises, took possession thereof,

removed plaintiff's buildings, and built thereon the said saloon and lodging house, and that he continues to hold all of said premises adversely to the plaintiff and in hostility to her right of possession. On these pleadings the plaintiff moved for a judgment, and the motion was overruled by the court.

The case came on for trial before a jury. After the jury had been impaneled and sworn, the plaintiff's attorney opened her case to the jury, and stated "that the property in question had been located by four persons, namely, William Spencer, W. S. Gray, the plaintiff, and one Mrs. S. Smith." After the defendant's case had been stated to the jury, the plaintiff called a witness and had him sworn. Thereupon the attorneys for the defendant interposed an objection to the introduction of any testimony by the plaintiff, and moved for a judgment on the pleadings. The court sustained the motion, and judgment was entered dismissing the action and adjudging that the defendant recover from the plaintiff his costs and disbursements. Judgment was entered on November 9, 1903. On November 17, 1903, the plaintiff moved the court for an order amending the judgment so as to make it a judgment of nonsuit, having the effect to dismiss the plaintiff's action, but to be no bar to a new action for the same cause. On November 21, 1903, the court denied the motion.

Volney T. Hoggatt, James E. Fenton, and W. T. Hume, for plaintiff in error.

John A. Carson, for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge, after stating the case as above, delivered the opinion of the court.

The question here presented is whether the District Court erred in entering judgment for the defendant on the pleadings. The complaint states a good cause of action in ejectment. It alleges that the plaintiff owns and is entitled to the possession of an undivided one-half of the premises in controversy. The plaintiff was not required to further state the nature of her estate. Carter's Civ. Code Alaska, § 303. She proceeded, however, to allege that the nature of her estate was prior possession, and that in March, 1898, she and William Spencer went upon the premises, which were then unoccupied, and erected a building thereon. The defendant answered, denying all the allegations of the complaint, and then, instead of complying with section 304 of Carter's Civil Code of Alaska by setting forth the nature of his estate, he proceeded to set forth the facts on which his claim of estate was based. He alleged: First, that on March 6, 1898, the premises were unoccupied and unclaimed, and were on that date entered and appropriated by S. W. Gray; second, that in March, 1898, Gray erected a house on the premises, and occupied the same; third, that on July 7, 1898, Gray conveyed the lot to William Spencer, and that the latter went into possession; fourth, that on November 24, 1900, Spencer conveyed to Roberts; fifth, that on November 30, 1900, Roberts conveyed to the defendant; sixth, that the defendant had no notice of the plaintiff's claim; and, seventh, that the defendant has made the improvements, amounting to $6,000. The reply admits the first, second, and third of these paragraphs of the answer. It denies the fourth, fifth, and sixth. It admits that $6,000 were expended in improvements, but denies that it was done without notice of the plaintiff's interest. It then proceeds to allege affirmatively that on July 17, 1898, William Spencer conveyed an undivided one-

half interest in the premises to the plaintiff, who was then in possession with him as tenant in common, and that from that time the plaintiff continued to occupy said premises until ousted by the defendant as alleged in the complaint. But for the allegation of the plaintiff's complaint as to the nature of her estate in the premises, there could be no question but that the pleadings otherwise present issues for trial and determination. The complaint, answer, and reply show that both the plaintiff and the defendant claim title through William Spencer. Claiming as they do from a common source, it was unnecessary for either party to deraign title from another source, or to pursue the chain of title further back than to their common grantor. All this would be without question, were it not for the unnecessary averment of the complaint that the nature of the plaintiff's estate is that of prior possession, and that she and Spencer entered upon the premises in March, 1898. The question here is not what evidence the plaintiff might have been permitted to introduce, or might have been precluded from introducing, in proof of her title in view of the pleadings, but whether or not an issue was presented for trial before the court and jury. If material issues were presented by the pleadings, although they may have been improperly pleaded, the court was not authorized to render a judgment upon the merits, and adjudicate the title to be in one or the other of the parties. The admission in the reply that Gray went upon the premises and appropriated the same in March, 1898, and that he sold the same to Spencer in July, 1898, may not, we think, be necessarily inconsistent with the statement that the plaintiff and Spencer were joint entrymen with Gray and another, as made by the plaintiff's counsel in opening the case before the jury. But whatever may be the force or effect of the apparent departure from the plaintiff's case, as stated in her complaint, by the admissions of her reply, a departure which may have rendered the pleadings obnoxious to a motion or demurrer from the opposing party, we do not think it justified the action of the trial court in rendering a judgment on the merits, adjudging the title to be in the defendant, and barring the further right of action by the plaintiff. But it is said that the court was justified in regarding the plaintiff's denials of paragraphs 4 and 5 of the answer, made, as they were in the reply, upon information and belief, as trivial, and as raising no issue upon those averments. It must be admitted that the pleadings are faulty. They are defective on the part of both the plaintiff and the defendant. The provisions of the Alaska Code in regard to pleadings in ejectment are adopted from the Oregon laws. Under those laws it has been held that the particularity required in setting forth the nature of the estate or right of the defendant is complied with if he allege that he is the sole or part owner in fee simple, or upon condition, or for life, or for years, as the case may be (Witherell v. Wiberg, 4 Sawy. 232, Fed. Cas. No. 17,917), and a detailed statement of facts which might be evidence in support of title in the defendant is not a proper plea of such title, and will, on motion, be struck out as redundant (Hall v. Austin, 1 Deady, 104, Fed. Cas. No. 5,925; Fitch v. Cornell, 1 Sawy. 156, Fed. Cas. No. 4,834; Moore v. Frazer, 15 Or. 635, 638, 16 Pac. 869). It may be doubted whether

the plaintiff was required to file a reply to the answer. Generally speaking, the legal effect of the affirmative allegations of an answer alleging title in the defendant is mere denial of the averments of the complaint, and they are not to be considered as new matter, to be taken as true unless denied by a reply. But the plaintiff replied, denying on information and belief that the defendant is the owner in fee simple and in the possession of said premises. While such a denial in a pleading might be subject to objection as to its form, it certainly is not to be disregarded when the defendant accepts it as sufficient and goes to trial upon the issues so raised. The complaint distinctly alleged that the plaintiff was the owner and entitled to the immediate possession of the premises. The defendant denied this, and set up title in himself. The reply did not admit this to be true, nor did it admit that the plaintiff was not the owner and entitled to possession as alleged in the complaint. The pleadings would have sustained a judgment for the plaintiff if the jury had returned a verdict in her favor, and it was error to enter judgment on them without a trial.

The judgment is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.