Argued July 16, affirmed September 8, rehearing denied December 8, 1914.

# NELSON *v.* DOWGIALLO.

(143 Pac. 924; 143 Pac. 1199.)

**Pleading—Variance—Objection to Evidence—Sufficiency.**

1. Under Section 97, L. O. L., providing that no variance between the pleadings and the proof shall be deemed material unless it has actually misled the adverse party to his prejudice, and that the fact that a party has been so misled and in what respect shall be proved, where defendant in an action for rent simply objects to the admission of a lease on the ground of variance, but produces no proof that he has been misled, the court must declare the variance immaterial.

**Landlord and Tenant — Action for Rent — Pleading — "Variance" — "Failure of Proof"**

2. Under Section 99, L. O. L., providing that when the cause of action is unproved, not in some particular or particulars only, but in its entire scope and meaning, it should not be deemed a "variance," but a "failure of proof," where a complaint for rent alleges the leasing of lot 8, block 26, of Couch Addition to the City of Portland, evidence of a lease of frame buildings situated on the southwest corner of streets named in Portland does not constitute a failure of proof.

> [As to reversal of judgment for technical violation of rule that allegations and proof must agree, see note in Ann. Cas. 1913D, 68.]

From Multnomah: THOMAS J. CLEETON, Judge.

This is an action by Otto W. Nelson against Mike Dowgiallo. From a judgment in favor of plaintiff, defendant appeals. The facts are set forth in the opinion of the court.

AFFIRMED. REHEARING DENIED.

For appellant there was a brief and an oral argument by *Mr. J. Silverstone.*

For respondent there was a brief and an oral argument by *Mr. C. L. Whealdon.*

Department 2. MR. JUSTICE McNARY delivered the opinion of the court.

This is an action on a covenant in a lease to pay rent. The complaint recites plaintiff is the owner of

lot 8, block 26, of Couch Addition to the City of Port-
land, that in March, 1910, defendant did lease the
premises for a period of two years and four months
at an agreed rental of $300 per month, and that de-
fendant defaulted in the payment of the rent for
March, 1913. Defendant in his answer denies the
pleading *in toto*. At the trial of the case, the court
admitted in evidence, over the objection of defendant,
a written lease between the parties which contained
the following description of the *locus in quo:*

"The frame buildings situated on the southwest
corner of Third and Flanders Streets, in the City of
Portland, Oregon, being No. 95 North Third Street
and No. 268 Flanders Street, in the said City of Port-
land, Oregon."

The case was heard and determined by the court
without the aid of a jury. When plaintiff elected to
rest, defendant moved for a judgment of nonsuit,
which was overruled by the court, and a judgment en-
tered in favor of plaintiff for the amount sought to
be recovered.

1. Defendant declares that the Circuit Court erred
in admitting the written lease in evidence, because the
description of the premises is not the same as set forth
in the complaint—in other words, that there is a vari-
ance between the allegations and the proof. The
Code of our state has this to say upon the subject of
variance:

Section 97, L. O. L.: "No variance between the alle-
gation in a pleading and the proof shall be deemed
material, unless it have actually misled the adverse
party to his prejudice in maintaining his action or de-
fense upon the merits. Whenever it shall be alleged
that a party has been so misled, that fact shall be
proved to the satisfaction of the court, and in what re-
spect he has been misled; and thereupon the court may

order the pleading to be amended upon such terms as shall be just.''

The record is nude of any action upon the part of defendant showing that he was misled by reason of the variance in the description of the premises; therefore, by virtue of the statute and its uniform interpretation, there was no other course open for the court than to declare the variance immaterial: *Moore* v. *Frazer,* 15 Or. 638 (16 Pac. 869); *Stokes* v. *Brown,* 20 Or. 530 (26 Pac. 561); *Denn* v. *Peters,* 36 Or. 486 (59 Pac. 1109); *Creecy* v. *Joy,* 40 Or. 28 (66 Pac. 295); *Wehrung* v. *Portland Country Club,* 61 Or. 48 (120 Pac. 747). Defendant did not offer any proof of the kind required by statute, nor did he claim that he had been in any way misled; in fact, he supinely rested upon the naked objection to the admission of the lease in evidence, asserting that the lease mentioned in the pleading was different from the one offered, and hence insisting that the proof was not within the issue.

2. Consequently the remaining question is: Was there a failure of proof as defined by Section 99, L. O. L.?

''When, however, the allegation of the cause of action or defense to which the proof is directed is unproved, not in some particular or particulars only, but in its entire scope and meaning, it shall not be deemed a case of variance within the two last sections, but a failure of proof.''

In terms that are general, the complaint alleges that the defendant leased to plaintiff lot 8, block 26, of Couch Addition to the City of Portland, and the frame buildings located thereon, for a definite time, at a rental of $300 per month, and that defendant did not pay for the use of the premises for the month of March, 1913. The lease offered in evidence is the same in

terms as the one the legal effect of which is stated in
the complaint; the only difference being in respect to
the description of the property leased. In our opin-
ion this is a variance in some particulars only, and not
in the entire scope and meaning of the pleading. The
foundation of the action is the breach of the covenant
to pay rent, and it is a matter of small consequence
that the description in the declaration varies from that
contained in the lease, so long as it appears that de-
fendant made no showing that he was misled by rea-
son of the variance. A lease of the property de-
scribed in the complaint would carry the buildings
located upon it: *Harrington* v. *Watson*, 11 Or. 143 (3
Pac. 173, 50 Am. Rep. 465). So would a demise of
the buildings carry with it the premises necessary for
their support and enjoyment: Jones, Landlord and
Tenant, § 103. That there is some variation between
the evidence and the complaint may be conceded; but
it consists only in the manner of describing the
property demised, leaving the theory of the case un-
molested, and hence not amounting to a failure of
proof.

Perceiving no error in the record, the judgment is
affirmed.                 AFFIRMED.   REHEARING DENIED.

---

Denied December 8, 1914.

ON PETITION FOR REHEARING.

(143 Pac. 1199.)

Department 2.   MR. JUSTICE McNARY delivered the
opinion of the court.

In an application for a rehearing, counsel for de-
fendant suggests a diminution of the record, "in con-

nection with the bill of exceptions as heretofore furnished,'' and in support thereof attaches an affidavit of the official reporter, wherein ''it is shown that defendant stated that he had been misled by the variance in the description between the allegations in the complaint and proofs submitted thereon.'' It is disclosed by an inspection of the stenographic notes that counsel at the trial of the case pointed out to the court wherein he avowed his client had been misled in making his defense. It may well be doubted, if the mere declaration of counsel that his client has been misled to his prejudice is sufficient, even the counsel in his recital comprehends the entire scope of the seeming variance. If the variance between the pleading and the evidence offered is such as is calculated upon its very face to mislead the party, such as the court must have understood as meaning something else than that which is offered in proof, the evidence ought to be rejected; but if the materiality of the variance is not obvious and apparent, the evidence should not be excluded, unless the party objecting thereto will satisfy the court that he has been misled thereby. This aspect cannot be met by the mere statement of counsel that his client has been misled; but counsel must go further and prove to the satisfaction of the court, by affidavit or oral testimony, in what respects his client has been surprised and actually misled to his prejudice in maintaining his action or defense upon the merits: 31 Cyc. 703; *Allen* v. *Bunting,* 18 N. J. Law, 299. At all events, as stated in the original opinion, we cannot say that the variance was a material one, in that it did not affect the gist of the action as alleged in the complaint.          REHEARING DENIED.