ADAM FRITZ *vs.* PENNOCK PUSEY.

January 10, 1884.

Covenants—Against Incumbrances—Outstanding Lease.—An "incumbrance," within the meaning of a covenant against incumbrances, includes any right or interest in the land which may subsist in third persons to the diminution of the value of the land, but consistent with the passing of the fee by the conveyance. Hence, an outstanding lease is an incumbrance.

Same—For Quiet Enjoyment—Inability to obtain Possession.—The inability of the grantee in a deed to *obtain* possession, by reason of an outstanding paramount right or title, is a breach of the covenant for quiet enjoyment. It is not necessary that there be an eviction *by process of law*, or even an actual *expulsion*.

Same—Measure of Damages.—When the breach of either of the above covenants consists of the existence of an unexpired term or lease, the measure of damages, at least in the absence of any special circumstances, will be the value of the use of the premises for the time during which the grantee has been deprived of such use.

Appeal by defendant from an order of the district court for Ramsey county, *Brill*, J., presiding, refusing a new trial.

*C. S. Bryant* and *L. E. Thompson*, for appellant.

*Warren H. Mead*, for respondent.

MITCHELL, J.   This action was brought to recover damages for the alleged breach of covenants against incumbrances and for quiet enjoyment in a deed of conveyance executed by defendant to plaintiff, in February, 1881.   The evidence tended to prove that, prior to the execution of this deed, defendant had let the premises to one Colwell for the cropping season of 1881, to be by him worked on shares, Colwell to have two-thirds and defendant one-third of the crops; that Colwell was then lawfully in possession under this contract, and so remained until the autumn of 1881; that plaintiff, after obtaining his deed, demanded possession from Colwell, who refused to surrender, but asserted his right of possession adversely to plaintiff, and that, by reason of, such paramount title or right, plaintiff was unable to obtain possession until the fall of 1881, thus losing the use of the premises for that entire season.

It is immaterial whether or not this contract between defendant and Colwell created the conventional relation of landlord and tenant. Under it Colwell was entitled to the use and exclusive possession of the premises to the exclusion of plaintiff.   This outstanding lease or contract in favor of Colwell constituted a breach of both covenants.   An "incumbrance," within the meaning of the covenant against incumbrances, includes any right or interest in the land which may subsist in third persons to the diminution of the value of the land, but consistent with the passing of the fee by the conveyance.   Rawle on Covenants, 94, 95; 2 Greenl. Ev. § 242; Bouv. Law Dict. tit. "Incumbrance;" *Prescott* v. *Trueman*, 4 Mass. 627.   Hence, an outstanding lease is an incumbrance.   *Grice* v. *Scarborough*, 2 Spear, (S. C.), 649; *Batchelder* v. *Sturgis*, 3 Cush. 201; *Porter* v. *Bradley*, 7 R. I. 538.

By reason of plaintiff's inability to obtain possession on account, of this outstanding paramount right, there was also a breach of the covenant for quiet enjoyment.   It is urged that there was no breach. of this covenant because there was no eviction; the position of counsel, if we understand it correctly, being that there must have been an *actual expulsion by process of law*.   As the measure of damages would be the same in this case for a breach of either covenant, the question is not, perhaps, material, for the two covenants are here

v.31—24

cumulative, and a breach of one is sufficient. But the position of counsel is not correct. It is generally stated that "an eviction is necessary to a breach of the covenants for quiet enjoyment or of warranty;" and no doubt the original and technical meaning attached to the word "eviction" was an *expulsion* by the assertion of a paramount title, and by *process of law.* But the idea that the ouster must be by process of law has been long since abandoned. The rule now is that these covenants are · broken whenever there has been an involuntary loss of possession, by reason of the hostile assertion of an irresistible title. Moreover, the eviction may be *constructive.* Constructive eviction is deemed to be caused by the inability of the purchaser to *obtain* possession by reason of the paramount title. When, at the time of the conveyance, he finds the premises in possession of one claiming under paramount title, the covenants for quiet possession or of warranty will be held broken, without any other act on the part of either the grantee or the claimant; for the latter can do no more towards the assertion of his title, and, as to the former, the law will compel no one to commit a trespass in order to establish a lawful right in another action. Rawle on Covenants, 154; *Murphy* v. *Price,* 48 Mo. 247; *Clark* v. *Estate of Conroe,* 38 Vt. 469, 475; *Russ* v. *Steele,* 40 Vt. 310.

Where the incumbrance is an unexpired term or lease, the general rule, at least in the absence of any special circumstances, is that the measure of damages will be the fair rental value of the land to the expiration of the term. The underlying principle is that the damages should be estimated according to the real injury arising from the existence of the incumbrance, which, in the case supposed, is presumably and ordinarily the value of the use of the premises for the time during which the vendee has been deprived of such use, Rawle on Covenants, 291, 292; *Rickert* v. *Snyder,* 9 Wend. 415; *Batchelder* v. *Sturgis,* 3 Cush. 201; *Porter* v. *Bradley,* 7 R. I. 538, 542. The instructions of the court below as to the measure of damages were therefore correct.

The defendant claims that plaintiff is estopped from setting up this outstanding lease as a breach of the covenants in the deed, because he has approved of and accepted the lease by bringing an action

on it against Colwell, in which he has collected the rent reserved under it. And the court below, in effect, charged the jury that if plaintiff recognized Colwell's lease by commencing legal proceedings to recover rent under it, and in fact received the rent, he could not now be permitted to assert the existence of the lease as a breach of the covenants, but left it to the jury to say from the evidence whether such were the facts. Had the facts as claimed by the defendant been undisputed, we are not prepared to assent to the conclusion of law which he seeks to draw from them. But it is not necessary to decide the question in this case. There was evidence reasonably tending to prove that the action referred to, although brought in the name of the plaintiff, was in fact prosecuted by defendant for his own benefit, without the knowledge of plaintiff, or at least without his understanding its nature. The evidence is undisputed that the rent obtained from Colwell by means of this action was received by defendant and not by plaintiff, and the defendant retained it as his own property, for the only offer to pay it over to plaintiff was made upon condition that he would accept it in full settlement of all claims against defendant, and was accompanied with an announcement that, if not accepted on that condition, the defendant would retain it. Therefore, even if defendant's theory of the law be correct, the questions of fact were, under the evidence, properly for the jury.

Order affirmed.