## E. M. BRASS V. SUSAN O. VANDECAR.

### FILED OCTOBER 7, 1903.   No. 13,153.

1. **County Court:** JURISDICTION: ACTION FOR BREACH OF COVENANT. A county court has jurisdiction, within the statutory limit of amount, in actions to recover damages for breach of covenant against incumbrances. *Hesser v. Johnson*, 57 Neb. 155, approved and followed.

2. **Incumbrance.** An unexpired term or lease, which prevents the grantee in a deed from recovering possession of the land described therein, is an incumbrance.

3. **Covenant.** In such a case the covenant does not run with the land, but is broken as soon as made.

4. **Measure of Damages.** When the breach of covenant consists of the existence of an unexpired term or lease, the measure of damages, at least in absence of any special circumstances, will be the value of the use of the premises for the time during which the grantee has been deprived of such use.

5. **Damages:** EXPENSES OF ACTION. Where the grantor requests the grantee to take proceedings for the purpose of recovering possession, which fail, and agrees to pay the expenses thereof, such expenses, being actually incurred, may be recovered, in addition to the value of the use of the premises.

ERROR to the district court for Howard county: JAMES N. PAUL, JUDGE.   *Affirmed.*

*O. A. Abbott,* for plaintiff in error.

*T. T. Bell* and *H. B. Vandecar, contra.*

BARNES, C.

This action was commenced in the county court of Howard county by Susan O. Vandecar against E. M. Brass and Anna Brass, to recover damages alleged to have been sustained by her on account of a breach of warranty against incumbrances, peaceable possession and quiet enjoyment, contained in a certain warranty deed executed and delivered by them to her. It appears that E. M. Brass sold certain land in Washington county in this state to

Susan O. Vandecar, and gave her a deed therefor, which contained full covenants of warranty, only reserving the possession of the premises until March 1, 1900; that, at the time the deed was given, Brass represented to Mrs. Vandecar that the lands were occupied by a tenant, whose lease would expire March 1, 1900; that the lease was at the First National Bank of Arlington, Nebraska; that on or about March 1, 1900, the agent of Mrs. Vandecar went to Arlington to take possession of the land, and then and there ascertained that the tenant was not holding under a lease which expired March 1, but claimed to be holding under an old lease and an arrangement which constituted him a tenant from year to year, and further claimed the right to remain on the land for another year, to wit, until March 1, 1901; Vandecar did not give the six months' notice required to terminate a tenancy from year to year, because Brass represented, at the time of the sale, that the tenant was holding under a lease which expired March 1, 1900; Brass never gave any notice to terminate the lease, and so it could not be terminated until the next year, and it was impossible for Vandecar to obtain posesssion until March 1, 1901. Attempting to obtain possession, Vandecar gave the three days' notice provided for by statute; the tenant refusing to vacate, nothing more was done because it appears that Brass requested Vandecar to go no farther, and agreed to go to Arlington and get the tenant off of the land at his own expense. Whether or not such an agreement was made, was a disputed question of fact, and upon which the testimony was conflicting, but the jury evidently found for the plaintiff, in the court below, on that issue. Brass failing to put Vandecar in possession, this action was brought to recover damages for the breach of the covenants contained in the deed above mentioned. The damages claimed were the value of the use of the land for the year 1900, and the expenses paid in getting possession. The petition was in the usual form; in the county court, the defendants demurred to the petition; the demurrer was sustained as to Anna Brass, but overruled as to E. M.

Brass. He thereupon answered, setting up several defenses, among which was an objection to the jurisdiction of the county court; the objection was overruled, and the trial resulted in a judgment for the plaintiff; Brass appealed to the district court, where the same petition was filed by the plaintiff, and the same defenses were raised by the answer of the defendant. The objection to the jurisdiction of the court was overruled; a trial was had, which resulted in a verdict and judgment for the plaintiff; the defendant prosecuted error to this court, and will hereafter be called the plaintiff.

It is contended by the plaintiff that the court erred in overruling the objection to the jurisdiction, because the county court had no jurisdiction of the subject matter, it being an action in which the title to real estate was in question. We are unable to agree with the plaintiff so far as this matter is concerned, for the reason that the identical question has been twice before us, and has been settled adversely to his contention. It was held in *Campbell v. McClure*, 45 Neb. 608, that a justice of the peace had jurisdiction in an action for damages based on the breach of a covenant in a deed against incumbrances, where there were unpaid taxes which were a lien on the land at the date of the execution of the deed, and which the grantee was obliged to pay. This case was approved and followed in *Hesser v. Johnson*, 57 Neb. 155, in which it was said:

"A county court has jurisdiction, within the statutory limit of amount, in actions to recover damages for breach of covenant against incumbrances."

It is stated in 2 Devlin, Deeds (2d ed.), secs. 906, 907, that a lease is an incumbrance. It was so held in *Fritz v. Pusey*, 31 Minn. 368, where the court said:

"An 'incumbrance,' within the meaning of the covenant against incumbrances, includes any right or interest in the land which may subsist in third persons to the diminution of the value of the land, but consistent with the passing of the fee by the conveyance. Hence, an outstanding lease is an incumbrance."

It was further held in that case:

"The inability of the grantee in a deed to *obtain* possession, by reason of-an outstanding paramount right or title, is a breach of the covenant for quiet enjoyment. It is not necessary that there be an eviction by *process of law,* or even an actual *expulsion.* When the breach of either of the above covenants consists of the existence of an unexpired term or lease, the measure of damages, at least in the absence of any special circumstances, will be the value of the use of the premises for the time during which the grantee has been deprived of such use."

In the body of the opinion we find the following language:

"It is immaterial whether or not this contract between defendant and Colwell created the conventional relation of landlord and tenant. Under it Colwell was entitled to the use and exclusive possession of the premises to the exclusion of plaintiff. This outstanding lease or contract in favor of Colwell constituted a breach of both covenants. An 'incumbrance,' within the meaning of the covenant against incumbrances, includes any right or interest in the land which may subsist in third persons to the diminution of the value of the land, but consistent with the passing of the fee by the conveyance. Rawle, Covenants (2d ed.), 94, 95; 2 Greenleaf, Evidence (16th ed.), sec. 242; Bouvier, Law Dictionary, Title, Incumbrance; *Prescott v. Trueman,* 4 Mass. 627. Hence, an outstanding lease is an incumbrance. *Grice v. Scarborough,* 2 Spear (S. Car.), 545; *Batchelder v. Sturgis,* 3 Cush. (Mass.) 201; *Porter v. Bradley,* 7 R. I. 538."

It is generally stated that an eviction is necessary to a breach of the covenants for a quiet enjoyment or of warranty. And no doubt the original and technical meaning attached to the word eviction was an expulsion by the assertion of a paramount title and by process of law. But the idea that the ouster must be by process of law has long since been abandoned. Constructive eviction is caused by the inability of the purchaser to

obtain possession by reason of the paramount title. When at the time of the conveyance he finds the premises in possession of one claiming under paramount title, the covenants for quiet possession or of warranty will be held broken, without any other act on the part of either the grantee or the claimant, for the latter can do no more toward the assertion of his title; and, as to the former, the law will compel no one to commit a trespass in order to establish a lawful right in another action. Where the incumbrance is an unexpired term or lease, the general rule, at least in the absence of any special circumstances, is that the measure of damages will be "the fair rental value of the land to the expiration of the term." A covenant against incumbrances is personal, and does not run with the land. Such a covenant is broken as soon as made. *Merrill v. Suing*, 66 Neb. 404. It follows that the question of title was not involved in this action, and the county court had jurisdiction to try it.

This also disposes of the second and third assignments of error, and it is unecessary to further notice them.

It is next contended that there could be no recovery, because plaintiff's oral promise to put defendant in possession, after the delivery of the deed, was without any new consideration, and was therefore void. It is sufficient to say that, as we understand the case, the original contract price paid for the real estate in question was a sufficient consideration for the promise or covenant in the deed, and that the defendant herein recovered upon that covenant and not upon any oral agreement made subsequently to the execution of the deed.

It is further contended that the defendant herein could have dispossessed the tenant and obtained possession herself, because the tenant did not pay rent for the year 1900 to any one, and, not paying rent, could not hold possession. An examination of the record shows us that at the time the deed was executed the tenant was, and had been, in possession for a considerable portion of the new term; and, if there was no payment of rent, it was the fault of the plain-

tiff. Having entered upon the term, and it being impossible to terminate it without six months' notice, the question of the payment or nonpayment of rent was immaterial, so far as the defendant's right to obtain possession of the premises was concerned. The tenancy being from year to year, and the tenant having entered upon the new term, he could not be dispossessed without six months' notice, given prior to the expiration of the new term.

It is also contended that it was the duty of the defendant herein to serve the notice; that she must ascertain at her peril the nature and extent of the tenant's rights. No authority in point is cited to support this contention, and the jury having found, upon conflicting evidence, that the plaintiff had led the defendant to believe that the tenant was holding under a written lease, by which his term would expire on the 1st day of March, 1900, she had the right to suppose that it was unnecessary for any notice to be served, at all. Plaintiff will not now be heard to say that the defendant can not recover because no notice was served, when, by his own statement, he had led the defendant to believe that no notice was required.

The evidence showed that the tenant was holding under a lease, or an arrangement which made him a tenant from year to year, and therefore he could not be dispossessed without six months' notice.

As to the expenses which the jury were allowed to consider: There is no reason why they could not be recovered. The plaintiff, as shown by the evidence, agreed to pay them, before they were incurred, and they were made at his request.

A careful examination of the record fails to disclose any reversible error, and we therefore recommend that the judgment of the district court be affirmed.

GLANVILLE and ALBERT, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.