Argued January 25, decided February 6, 1912.

## FRIENDLY *v.* RUFF.
### (120 Pac. 745.)

APPEAL AND ERROR—REVIEW—NONSUIT.

1. The party assuming the affirmative having the burden of proof, the appellate court must, on appeal from a judgment of nonsuit, examine the testimony in the record, and determine whether there is any evidence tending to support averments of the complaint.

EVIDENCE—BEST EVIDENCE.

2. Where a letter referred to a written permit or license to go upon land, the letter was inadmissible; the written permit or license being the best evidence.

VENDOR AND PURCHASER—TITLE—"INCUMBRANCE."

3. An "incumbrance," within the terms of a contract for the sale of land free from all incumbrances, includes any right to or interest in the land to the diminution of its value, though consistent with the passage of the fee, or any adverse right or privilege which curtails the full and exclusive enjoyment of the land.

VENDOR AND PURCHASER—ACTIONS FOR BREACH—PLEADING AND PROOF.

4. In an action against a vendor of land, under a contract for its sale free from incumbrances, where the complaint alleged that the vendor's predecessor in title had granted a license to third persons, who had entered upon the land, and were in possession of the same, prior to the contract, and refused to vacate, the purchasers were not necessarily confined to strict proof of a license, but might show an adverse interest, sufficient to impair the fee simple title.

VENDOR AND PURCHASER—ACTIONS FOR BREACH—EVIDENCE—SUFFICIENCY.

5. In an action for breach of a contract for the sale of land with covenant of warranty, where plaintiff pleaded the adverse license of a third person, evidence of the adverse possession of such person made out a prima facie case.

From Multnomah: JOHN B. CLELAND, Judge.

Statement by MR. JUSTICE BURNETT.

This is an action by H. M. Friendly and M. S. Friendly, purchasers in an executory contract for the sale of land,

against G. C. Ruff and Fanny Ruff to recover damages
for breach by the latter of the contract, on the ground
that they would not convey to the plaintiffs the fee simple
estate as agreed, and could not, on account of a defect
in their title.    It is substantially conceded in the com-
plaint and answer that the contract was made about
April 21, 1908; that the plaintiffs paid down $150, and
on the 1st of June were to pay $1,350 more in cash, and
execute a mortgage to the defendants for $4,000 remain-
ing of the purchase price.    The essential contention
between the parties arises upon this allegation of the
complaint:

"That after the execution of said contract on the 21st
day of April, 1908, the plaintiffs found that the
defendants were not the owners of the said land, but that
the title to the same stood in the name of one Mary A.
Weygandt, and that the said Mary A. Weygandt had
given and granted to J. F. Peeler and S. B. Sutton the
right and privilege to enter upon said land and premises,
and build, construct, and maintain a canal or ditch upon
and over the same, for the purpose of conveying water
to the land of the said J. F. Peeler and S. B. Sutton; and
the said J. F. Peeler and S. B. Sutton had entered into
and upon said land, and were in possession of the same
prior to and on the said 1st day of June, 1908, and were
building and constructing thereon said canal or ditch,
and refused to vacate or deliver possession of
the said land to the plaintiffs or to the defend-
ants; and the defendant refused to execute and
deliver a warranty deed or convey title to the plaintiffs
for said land, unless plaintiffs should take the same, sub-
ject to the claims, interest, and possession of the said
J. F. Peeler and S. B. Sutton in and to said land, and
their right to build, contract, and maintain the said canal
or water ditch thereon; and the said defendants failed
and refused, and ever since have failed and refused, to
comply with their said contract, and to give the plaintiffs
a clear title to and possession of said land and premises."

The complaint further charges that on May 19, 1908,
the defendant G. C. Ruff secured title to the land, subject

to the rights of Peeler and Sutton, and afterwards, on October 17, 1908, conveyed it to third parties, thus placing it beyond the power of the defendants to comply with the terms of the agreement; that the defendants have not returned the initial payment of $150, and that plaintiffs are damaged in the sum of $3,450; that being the difference between the contract price and the reasonable value of the land at the time the purchase was to be consummated. All the allegations of the complaint, charging a breach of the contract on the part of the defendants, are traversed by the answer. There was also affirmative matter in the answer, setting forth complete preformance on the part of the defendants, and this in turn was denied by the reply; but, as the case turned upon the defendants' motion for nonsuit, it is not necessary here to consider the new matter urged as defense. On motion of the defendants at the close of the plaintiffs' case in the jury trial, the circuit court entered a judgment of nonsuit, and the plaintiffs appeal.                    REVERSED.

For appellants there was a brief over the names of *Mr. Miller Murdoch,* and *Mr. A. C. Dayton,* with an oral argument by *Mr. Murdoch.*

For respondents there was a brief over the names of *Mr. Franklin T. Griffith* and *Mr. F. J. Lonergan,* with an oral argument by *Mr. Griffith.*

MR. JUSTICE BURNETT delivered the opinion of the court.

By the traversed allegations of the complaint, the plaintiffs have assumed the burden of proving that the title of the defendants was defective in a specified particular, to wit, that the predecessor of the defendants had conferred a right and privilege upon Peeler and Sutton to enter upon the land and construct and maintain a canal or ditch over the same, for the purpose of

conveying water to the lands of the licensees, that they were in possession thereof prior to the time for consummating the purchase between plaintiffs and defendants, and refused to surrender possession to either of the parties litigant here.  By this allegation, the plaintiffs not only seek to excuse themselves from paying the purchase price, but also to recover damages from the defendants for the alleged breach on the part of the latter of the terms of the contract, to the damage of the plaintiffs.

1. It is elementary that the party assuming the affirmative of the issue must prove his allegations by a preponderance of the testimony.  On appeal from the judgment of nonsuit, therefore, it is incumbent upon the appellate court to examine the testimony reported in the record, and giving it the effect which may be fairly imputed to it, to determine whether there is any evidence which tends to support the averments of the complaint.

The plaintiff H. M. Friendly testified in substance that about two weeks after the execution of the contract he visited the premises and found Mr. J. S. Peeler in possession of them, and discovered that about three quarters of a mile of irrigation ditch had been constructed upon the land.  He and Peeler went over the land together, and while upon the premises Peeler informed him that he had built the ditch, in good faith, in accordance with a privilege given him by Mrs. Weygandt, which entitled him to maintain the ditch; that, under the circumstances after paying out money there for labor on the ditch, he did not feel that he could afford to lose or abandon what he considered to be his rights there.  In substance the witness also stated that he reported the interview with Peeler to the defendant Ruff, and some negotiations ensued, looking toward a settlement to the matter, but nothing came of them, and

finally Ruff contended that Peeler and Sutton had no right there, and, after tender to plaintiffs by defendants of a warranty deed, ignoring the rights of Sutton and Peeler, if any there were, and plaintiffs' refusal to accept the deed, this action was begun.

2. Plaintiffs offered in evidence a letter which they said was signed by Peeler, wherein he stated (addressing one of the plaintiffs, and alluding to Mrs. Weygandt) that "we have a written permit to go across her place anywhere it was necessary to get the water down on our place and we done the best we could with our limited means." The court rejected this letter on the ground that it was hearsay, and not admissible to prove any right in Peeler and Sutton as against the defendants. The foregoing is a substantial resume of plaintiffs' testimony on the subject of incumbrance, as alleged by them. The letter from Peeler to the plaintiffs was properly excluded, as the written permission of Mrs. Weygandt, mentioned therein if admissible at all, would be the best evidence of its own terms.

3. It is agreed that the contract for the sale of the property in question provides that the sellers should furnish a warranty deed and an abstract of title to the above property, showing a title in themselves clear of all incumbrance. An incumbrance, within the terms of such a covenant, includes any right to or interest in the land to the diminution of its value, but consistent with the passage of the fee by the conveyance. *Huyck* v. *Andrews,* 113 N. Y. 81 (20 N. E. 581), 3 L. R. A. 789; 10 Am. St. Rep. 432. Within the rule thus laid down, any adverse right or privilege which would interfere with or curtail the full and exclusive enjoyment of the fee simple title by the grantee in the contract would justify the allegations of a breach of such a covenant.

4, 5. Alleging, as they do, that Peeler and Sutton had entered into possession of the land and refused to

vacate, the plaintiffs are not necessarly confined to strict proof of a license, but may show enough in the way of adverse possession to impair the fee simple title for which they contracted. What, then, is the effect to be given to the oral testimony on behalf of the plaintiffs that Peeler and Sutton were in possession of the land, refusing to surrender to either of the parties here, and digging an irrigation ditch thereon for their own use, under claim of right?

In *O. R. & N. Co.* v. *Hertzberg,* 26 Or. 216, 222 (37 Pac. 1019), and in *Browning* v. *Lewis,* 39 Or. 11, 17 (64 Pac. 304), Justice MOORE says: "A prior possession of land for any length of time is *prima facie* evidence of title," and Justice EAKIN says the same thing in *Sommer* v. *Compton,* 52 Or. 173, 178 (96 Pac. 124, 1065). The same rule may be derived by analogy from *Vance* v. *Wood,* 22 Or. 77 (29 Pac. 73), which teaches the doctrine that several hostile holdings for less than the statutory period may be tacked together to make up ten years' adverse possession, amounting to a fee simple title, provided the holders are all in privity with each other successively, and that such privity may rest either in deed or parol. It must follow as a corollary that any one of such holdings is, *pro tanto* at least, *prima facie* evidence of title. In *Skottowe* v. *Oregon Short Line Ry. Co.,* 22 Or. 430 (30 Pac. 222): 16 L. R. A. 593), and *Ferrari* v. *Beaver Hill Coal Co.,* 54 Or. 210, 224, (102 Pac. 1016), it is held, in substance, that acts of ownership over real property, such as making repairs on structures there are circumstances tending to show that the premises belong to or are in control of the party doing the acts. This is in consonance with the presumption "that a person is the owner of property from exercising acts of ownership over it." Section 799, subd. 12, L. O. L. See, also, *Stevens* v. *Sandnes,* 108 Minn. 271 (121 N. W. 902) ;

*Pittsburg, etc., Ry. Co.* v. *Wilson,* 46 Ind, App. 444, (91 N. E. 725); 1 Jones, Real Property, § 918; *Gilmore* v. *Norton,* 10 Kan. 491, 505. Again, if possession of real property is *prima facie* evidence of title in fee, the plaintiffs are not in a worse position, because, on the same testimony, they restrict their charge of an outstanding incumbrance to a license; for the lesser estate may be shown by that means, if the greater can be so proven.

We conclude, then, that the oral testimony to which allusion has been made tended to prove an impairment of the fee simple title which the plaintiffs had contracted to purchase and the defendants had agreed to convey, within the meaning of *Collins* v. *Delashmutt,* 6 Or. 51, and that a *prima facie* case was made, sufficient to take the issue to the jury.

The judgment of the circuit court is reversed, and the cause remanded for further proceeding, not inconsistent with this opinion.          REVERSED.