Submitted on briefs at Pendleton May 3, affirmed June 15, rehearing granted July 27, argued on rehearing at Pendleton October 28, 1920, former opinion sustained January 18, 1921.

## WINN v. TAYLOR.

(190 Pac. 342; 194 Pac. 857.)

Covenants—Lease—"Encumbrance."

1. An outstanding lease was an "encumbrance" within the meaning of the covenant of a warranty deed against encumbrances.

Covenants—Lease—Admitting Receipt of Rent—Burden of Proof —Deed.

2. In an action by grantee in a warranty deed, where defendant admitted the execution of the warranty deed and the receipt of

---

1. On unexpired lease as breach of covenant against encumbrances, see note in Ann. Cas. 1914D, 1176.

rental from a lessee for the ensuing year, it developed upon him to prove his right to retain such rent.

**Appeal and Error—Assumption of Burden by Respondent—Harmless Error.**

3. Where real question in dispute in action by grantee against grantor for breach of a covenant against encumbrances was whether defendant or plaintiff was entitled to rent which accrued after the execution of the warranty deed, defendant cannot complain that case was tried on the theory that plaintiff must show that his title was to relate back prior to the time lessee made a payment to defendant of rent for the ensuing year.

**Covenants—Breach of Covenant—Encumbrances—Measure of Damages.**

4. When the breach of a covenant against encumbrance in a warranty deed consists of the existence of an unexpired term or lease, the measure of damages, in the absence of any special circumstances, is the value of the use of the premises for the time during which the grantee has been deprived thereof.

**Pleading—Complaint Sufficient to Sustain Judgment After Verdict.**

5. A complaint which was not specific was broad enough after verdict to sustain a judgment, where the defendant met the issue and affirmatively pleaded his rights in the matter and admitted necessary facts.

**Covenants—Interest Allowed Grantee—Action Collecting Rent.**

6. Where grantor in warranty deed breached covenant against encumbrances, in that a lease existed, and collected the rental for the ensuing year, to which grantee was entitled, the grantee in an action to recover such rental was entitled to interest on the amount of the rent from the date of collection by the defendant, in view of Section 6028, L. O. L.

ON REHEARING.

**Appeal and Error—Theory of Trial must be Adhered to.**

7. The theory upon which the case was tried in the court below must be strictly adhered to on appeal.

**Appeal and Error—Theory Determined from Entire Record and Brief.**

8. The theory on which the case was tried below, which governs on appeal, must be determined from the entire record and the briefs of counsel, construing the pleadings on the theory most apparent, most clearly outlined by the facts stated, and according to their general scope and tenure.

**Vendor and Purchaser—"Warranty Deed" Implies Usual Covenants of Warranty.**

9. The term "warranty deed" in a contract of sale has a well-understood meaning as a deed containing the usual covenants generally inserted in a warranty deed, including the covenants that the land is free and clear from encumbrances.

Contracts—Variance Held Immaterial as not Misleading.

10. In applying the general rule that a plaintiff declaring on a written contract cannot recover on an oral contract 'or one partly oral, Section 97, Or. L., making variance immaterial unless it actually misled the adverse party to his prejudice must be considered, and a variance between allegation of a written contract and proof of one partly oral was not prejudicial where the other party alleged the oral agreement.

Pleading—Omission of Essential Allegation cannot be Aided by Verdict.

11. If the complaint is lacking in some material or essential allegation to establish a good cause of action, there can be no aider by verdict.

Pleading—Conclusions of Law cannot be Substituted for Statements of Fact.

12. Conclusions of law cannot be substituted for a statement of facts constituting the plaintiff's cause of action, but a statement of fact may be such that it cannot be made without including a conclusion.

Pleading—Defective Complaint Which Did not Omit Material Averment Held Cured by Verdict.

13. Where the complaint, after rejecting conclusions of law, did not omit any material allegation, its defects are cured by the verdict which established every reasonable inference that can be drawn therefrom.

Deeds—Contract Provisions as to Covenants Connected With Title or Possession Merged in Deed.

14. The deed given in execution of a contract for the sale of land and accepted as such governs the rights of the parties as to any inconsistent covenant connected with the title, possession, quantity or emblements of the land, though it does not supplant collateral and independent covenants.

Covenants—Breach by Existing Lease Gives Right of Action for Rental Value; "Rent."

15. Where the covenant against encumbrances was breached by an existing lease, the measure of the grantee's damages is the rental value of the land for the time possession is withheld from him; and he may recover the rent for such time collected by the vendor; "rent" being the compensation paid for the use of the demised premises which is treated as a profit arising out of lands and tenants corporeal.

Covenants—Grantor Covenants Against Known and Unknown Encumbrances.

16. The covenant against encumbrances in a warranty deed, protects the purchaser against existing encumbrances of which he has knowledge, as well as against those which are unknown to him.

Covenants—That Tenant Attorned After Expiration of Term for
    Which Vendor Collected Rent Does not Defeat Purchaser's
    Right to Rent.

17.  Where the vendor collected a year's rent in advance shortly
before conveying by warranty deed with covenant against encum-
brance, the fact that at the expiration of the time for which rent
was collected the tenant attorned to the purchaser does not defeat
the purchaser's right to recover from the vendor the rental value
prior to that time.

From Umatilla: FRED W. WILSON, Judge.

In Banc.

On April 21, 1914, the defendant was the owner
of a 600-acre farm in Umatilla County, and executed
a lease thereof to M. W. Hansell for a period of four
and one-half years from that date to October 1, 1919,
at a stipulated cash rental of $5,100 for the first year,
which also paid for the summer fallow and alfalfa
then growing on the premises, and which was given
in advance.   The lease further provided for the pay-
ment of "the sum of $6 per acre due and payable on
October 1, 1914; and on all land cropped in the sum-
mer of 1914; and $6 per acre due and payable on
October 1, 1915, and each October 1st thereafter dur-
ing the life of this lease on all the above-described
premises."   Pursuant to the terms of the lease Han-
sell at once took possession, ever since has been, and
now is, holding the premises, and in all respects has
complied with the terms and provisions of that agree-
ment.

On August 21, 1917, the defendant executed to the
plaintiff this writing:

"Received of Iley Winn ten thousand dollars,
which I accept as earnest money on the purchase price
of following described lands which I agree to deed to
said Iley Winn on the further payment of forty thou-
sand dollars on or before November first, nineteen hun-
dred seventeen, and balance of fifty thousand four hun-
dred forty dollars in cash or by note secured by first

mortgage on said lands, said note if given to draw 6½ per cent interest from November first payable annually and said note payable on or before ten years after date of same.''

Then follows a description of the land, which is identical with that leased to Hansell except for the addition of a 40-acre tract of timber. The complaint alleges:

''That under said contract * * the defendant agreed to sell and the plaintiff agreed to purchase the above-described land, the defendant sold and assigned to the plaintiff all the defendant's rights, titles and interest in and to said described land, and that it was further made a part of the contract that the defendant should execute a warranty deed of conveyance to said property to the plaintiff as soon as was convenient, and the plaintiff should make the payments upon said premises agreed to between the plaintiff and defendant.

''That under the terms of agreement entered into between the plaintiff and defendant, wherein the plaintiff agreed to purchase said described land, the plaintiff was to be deemed the owner of said described land as of the date of the contract of purchase, which was August 21, 1917.''

It is then averred that on October 17, 1917, the defendant made to the plaintiff a deed to the said lands, with the following covenants:

''Together with all and singular the tenements, hereditaments and appurtenances hereunto belonging or in anywise appertaining and also all his estate, right, title and interest in and to the same, including dower and claim of dower.

''To have and to hold the above described and granted premises unto the said Iley Winn, his heirs and assigns forever. And the said Moses Taylor, grantor above named, does covenant to and with the said Iley Winn, the above-named grantee, his heirs and assigns, that the above granted premises are free from all encumbrances, except the right of way of the

Oregon-Washington Railroad & Navigation Company through the lands described in said sections sixteen (16) and seventeen (17) and that he will, and his heirs, executors and administrators shall warrant and forever defend the above granted premises, and every part and parcel thereof, against the lawful claims and demands of all persons whomsoever, save and except as to encumbrance above mentioned.''

Concurrent therewith and in accordance with the agreement of August 21, 1917, the plaintiff gave to the defendant a mortgage on the said lands in the sum of $50,000 to secure a promissory note of the same date for that amount, payable on or before five years after date, with interest at the rate of $6\frac{1}{2}$ per cent per annum.

The complaint says that under the terms of the lease Hansell paid the rental on October 1st of each and every year; that in the fall of 1917, on account of such rent, he paid the defendant the sum of $3,522 without the consent or authority of the plaintiff; that according to the contract between them the plaintiff was entitled to that sum; that after its receipt he demanded payment of it from the defendant; and that the defendant has neglected and refused to pay the same or any part thereof to the plaintiff.

For a second cause of action the plaintiff claims $52 on account of a pasture bill, and prays for judgment for $3,522 with interest at 6 per cent per annum from October 2, 1917, and the further sum of $52 and costs.

The answer admits the making of the lease to Hansell; that on August 21, 1917, the defendant agreed in writing to sell the real property to the plaintiff; that the latter then paid to the defendant ''the sum of $10,000 on the purchase price''; that he ''agreed to deed said land to the said plaintiff on payment of the balance of the purchase price,'' and that the warranty

98 Or.—36

deed of October 17, 1917, was executed by the defendant. It is also admitted that "under the terms of the said lease the said M. W. Hansell paid lease money about the first day of October each year; that on or about the second day of October, 1917, the said M. W. Hansell paid as lease money the sum of $3,522 dollars to the defendant"; and that the latter refuses to pay the same, or any part thereof, to the plaintiff.

As a further and separate answer the defendant alleges that at the time of making the written contract with the plaintiff, on August 21, 1917:

"It was specifically understood and agreed prior thereto and at said time and as a part of the same transaction, though not so stated in said writing, that the defendant would be entitled to collect the lease money coming due and payable on account of said real property from said M. W. Hansell on the first day of October, 1917, and he did collect it. Thereafter, on October 18, 1917, at the time when the plaintiff paid another portion of the purchase price and secured the payment of the balance of it, thereby completing the purchase of the said real property, defendant executed and delivered to the plaintiff a warranty deed to it; but before doing so it was expressly and specifically understood and agreed by and between plaintiff and defendant that the lease money which was due and payable on the said first day of October, 1917, should belong to the defendant."

Replying, the plaintiff made a general denial of all new matter in the further and separate answer.

At the trial ten of the jurors signed a verdict in favor of the plaintiff for the full amount of his claim, upon which judgment was entered against the defendant, and the latter appeals. He had filed a motion for judgment notwithstanding the verdict, on the ground that the complaint did not state facts sufficient to constitute a cause of action, and a motion for a new trial,

both of which were overruled.   He makes twenty-two assignments of error, found upon the admission of verbal testimony, the instructions of the court and the overruling of his motions.                AFFIRMED.

For appellant there was a brief submitted over the name of *Messrs. Peterson, Bishop & Clark.*

For respondent there was a brief prepared and submitted by *Mr. Homer I. Watts* and *Messrs. Raley, Raley & Steiwer.*

JOHNS, J.—It is admitted that on April 21, 1914, the defendant executed the lease to Hansell for a period of four and one-half years, for a stipulated yearly cash rental; that on August 21, 1917, for a consideration of $10,000 the defendant contracted in writing to convey the lands to the plaintiff on or before November 1, 1917; that pursuant to such agreement, on October 17, 1917, he executed to the plaintiff his warranty deed, and that in consideration thereof the plaintiff gave him his note for $50,000, dated August 21, 1917, and a mortgage on the conveyed realty to secure the payment thereof.   Although the lease recited that the first year's rent was paid at the time of execution, there was no stipulation as to when rent for remaining years should be paid.   But it is admitted that after the execution of the contract and prior to the giving of the deed Hansell paid the defendant rent in advance from October 1, 1917, to October 1, 1918.

There are no reservations or exceptions in the conveyance from the defendant to the plaintiff.   The execution of the lease and the warranty deed and the payment of the rent in question are all set forth and alleged in the complaint; and in legal effect the plain-

tiff claims that he is entitled to the rent from October 1, 1917, to October 1, 1918, which Hansell paid in advance to the defendant.

It is admitted that at the time of executing the lease Hansell took possession of the premises; that he has held them ever since, and that his possession is lawful; and it inferentially appears that the lease was of record.

1. Although the contract between the plaintiff and the defendant does not specify the nature of the conveyance to be made by the defendant, yet, pursuant thereto the defendant executed a warranty deed, covenanting that the premises were "free from all encumbrances" except the railroad right of way, and that he would "warrant and forever defend the above-granted premises, and every part and parcel thereof, against the lawful claims and demands of all persons whomsoever, save and except as to encumbrance above mentioned," meaning the right of way. Concurrent with the execution of the deed the plaintiff became the owner of the lands in fee simple, and through its legal force and effect would be entitled to the use, possession and enjoyment thereof. But at that time the premises were subject to the Hansell lease and the defendant had collected rent in advance for the year beginning October 1, 1917. In *Fritz* v. *Pusey,* 31 Minn. 368 (18 N. W. 94), it is said:

"An 'encumbrance,' within the meaning of a covenant against encumbrances, includes any right or interest in the land which may subsist in third persons to the diminution of the value of the land, but consistent with the passing of the fee by the conveyance. * * Hence an outstanding lease is an encumbrance."

*Crawford* v. *McDonald,* 84 Ark. 415 (106 S. W. 206), holds that:

"The statutory covenant against encumbrances, implied by the use of the words 'grant, bargain and sell' in a deed, was broken at the time the deed was executed where the grantor had previously executed a written lease of the land which had not expired."

*Brass* v. *Vandecar,* 70 Neb. 35 (96 N. W. 1035), upholds the doctrine that:

"An unexpired term or lease, which prevents the grantee in the deed from recovering possession of the land described therein, is an encumbrance."

Defining "encumbrance," we find the following in 22 Cyc., page 73:

"It is an interest in or chargeable on land, which may subsist in, or in favor of, a third person consistently with a transfer of the fee, but diminishes the value of the estate to the occupant. It is an estate, interest or right in lands, diminishing their value to the general owner; a paramount right in or weight upon the land, which may lessen its value."

See, also, 2 Words & Phrases, Second Series, p. 1021, and authorities there cited. In *Friendly* v. *Ruff,* 61 Or. 42, 46 (120 Pac. 745, 746), this court, speaking through Mr. Justice BURNETT, said:

"An encumbrance, within the terms of such a covenant, includes any right to or interest in the land to the diminution of its value, but consistent with the passage of the fee by the conveyance. * * Within the rule thus laid down, any adverse right or privilege which would interfere with or curtail the full and exclusive enjoyment of the fee simple title by the grantee in the contract would justify the allegation of a breach of such a covenant."

We hold that the outstanding lease to Hansell was an encumbrance within the meaning of the covenants in the deed, for which an action would lie for breach.

2–5. As the defendant admitted the execution of the deed and the receipt of the rental, it devolved upon him

to prove his right to retain the sum in question. That matter was fairly submitted to the jury under instructions favorable to the defendant, and the jury found for the plaintiff. The latter assumed the burden of proof, and undertook to show that when the deed was executed on October 17, 1917, his title related to his contract of August 21, 1917, and that for such reason he was entitled to the rent which the defendant thereafter collected from Hansell. It will be noted that when the deed was executed, the plaintiff gave his note for $50,000 to the defendant as of August 21, 1917, the date of the contract, and that it drew interest from that date. That was strong evidence tending to show that it was intended that the plaintiff's title should relate back, and that he should become the owner of the property as of August 21, 1917. Although the case was tried, and the jury was instructed, upon that theory, it was not prejudicial to the defendant, and was a matter about which he had no right to complain. The real question in dispute is whether the defendant or the plaintiff was entitled to the rent which accrued after the execution of the warranty deed. Although he was not bound by that rule, yet in his complaint the plaintiff adopted the amount of rental collected in advance by the defendant, as the measure of his recovery. Such a measure was sustained in *Fritz* v. *Pusey,* 31 Minn. 368 (18 N. W. 94), where it was held that:

"When the breach of either of the above covenants consists of the existence of an unexpired term or lease, the measure of damages, at least in the absence of·any special circumstances, will be the value of the use of the premises for the time during which the grantee has been deprived of such use."

The same rule is laid down in *Brass* v. *Vandecar,* 70 Neb. 35 (96 N. W. 1035). Although the complaint

might have been more specific, the defendant met the issue, and affirmatively pleaded that under an oral agreement with the plaintiff he had a legal right to the advance rental which he received, and according to the admitted facts that pleading is broad enough after verdict to sustain the judgment.

6. It is also contended that the plaintiff was not entitled to interest upon the amount of his claim prior to the rendition of judgment. The jury found substantially that the advance rental collected from Hansell by the defendant in October, 1917, belonged to the plaintiff. The action was commenced on October 1, 1918, about one year afterwards. Section 6028, L. O. L., provides:

"The rate of interest in this state shall be 6 per centum per annum * * on money received for the use of another and retained beyond a reasonable time without the owner's consent, express or implied."

There is no dispute concerning the amount of the rent involved or the time of collection. Under such a state of facts the plaintiff was entitled to interest.

The judgment is affirmed.            AFFIRMED.

---

Former opinion sustained January 18, 1921.

## ON REHEARING.

(194 Pac. 857.)

The judgment in this case having been affirmed by an opinion of Mr. Justice JOHNS, *ante*, p. 556 (190 Pac. 342), we have again considered it on reargument.

Iley Winn, plaintiff and respondent, prosecuted an action at law against Moses Taylor, defendant and appellant, in the Circuit Court of the State of Oregon for Umatilla County. Winn sought to recover from

Taylor the sum of $3,522, the value of the annual rental, which sum had been paid to Taylor by one M. W. Hansell, as lessee of certain farm lands owned by Taylor at the time of the execution of the deed and thereafter by him conveyed to Winn, as will hereafter more fully appear. On the twenty-first day of August, 1917, Taylor, for the consideration of $10,000 paid to him as earnest-money by Iley Winn, executed a writing in which he agreed to ''deed to Iley Winn certain lands therein described on the further payment of $40,000 on or before November 1, 1917, and $50,440 in cash or by note secured by first mortgage on said lands,'' and to ''furnish an abstract of title showing all of said lands clear of encumbrance.'' On the seventeenth day of October thereafter, Taylor conveyed the said lands to Winn by warranty deed containing a covenant that the premises granted ''are free from all encumbrances, except the right of way of the Oregon-Washington Railroad & Navigation Company. * * '' The lands at that time were subject to the outstanding lease made by Taylor to Hansell, executed on the twenty-first day of April, 1914, covering the period of time from that date until the first day of October, 1919, and were at all times herein mentioned in the lawful possession of Hansell. While the terms of the lease are obscure, it has been continuously construed by the landlord and tenant as requiring the annual rental to be paid in advance on October 1st of each year, and it has been so paid. At the time of the execution and delivery of the deed conveying the premises to Winn, he knew that the lands were subject to the lease. Subsequent to the execution of the writing of August 21, 1917, and prior to the delivery of the deed, Taylor, on October 2d, collected the said sum of $3,522, annual rent, in advance,

covering the term from October 1, 1917, to October 1, 1918. In the action at law between the parties each claimed to be entitled to said annual rent for the crop season of 1918, paid to Taylor as aforesaid.

Plaintiff, in effect pleaded, among other things, the defendant Taylor's ownership of certain lands; that the defendant executed a written lease to M. W. Hansell, whereby said lands were demised for a term of 5½ years from April 21, 1914, to October 1, 1919; the lessee's entry and continuous possession of said lands under the terms of said written instrument; that on August 2, 1917, plaintiff and defendant entered into a written contract, whereby plaintiff agreed to purchase, and defendant agreed to sell, said lands according to the terms therein expressed; that plaintiff paid defendant $10,000 upon the contract of purchase; that it was further made a part of the contract that the defendant should execute a warranty deed of conveyance to said property to the plaintiff as soon as was convenient, and the plaintiff should make the remaining agreed payments; that under the terms of the agreement plaintiff was to be deemed owner of said lands from August 21, 1917; that the defendant did execute and deliver to plaintiff a warranty deed to said property (October 17, 1917); that the lessee paid defendant $3,522 on October 2, 1917, as advance rent.

The defendant answered the complaint and admitted the execution of the writing bearing date August 21, 1917, whereby he agreed to sell to plaintiff the real property described in plaintiff's complaint, but alleged that—

"It was specifically understood and agreed prior thereto and at said time, and as a part of the same transaction, though not so stated in said writing, that the defendant would be entitled to collect the lease

money coming due and payable on account of said real property from said M. W. Hansell on the first day of October, 1917, and he did collect it."

He also alleged that—

"Thereafter, on the seventeenth day of October, when the plaintiff paid another portion of the purchase' price and secured the balance of it, thereby completing the purchase of the said real property, defendant executed and delivered to the plaintiff a warranty deed to it; but, before doing so, it was expressly and specifically understood and agreed by and between plaintiff and defendant that the lease money which was due and payable on the first day of October, 1917, should belong to the defendant."

The defendant attached the writing made by him on August 21, 1917, and made the same a part of his answer.

From the answer, the evidence, and perhaps from the complaint itself, it appears that the writing mentioned in the complaint contained but a portion of the agreement.

The tenant Hansell, for the crop season of 1919, attorned to the plaintiff.

From a judgment of the court upon the verdict of the jury in favor of plaintiff in the sum of $3,522, the defendant appeals to this court.

FORMER OPINION SUSTAINED ON REHEARING.

For the petition there was a brief over the name of *Messrs. Peterson, Bishop & Clark,* with oral arguments by *Mr. Peterson* and *Mr. Clark.*

For respondent there was a brief over the names of *Mr. Homer I. Watts* and *Messrs. Raley, Raley & Steiwer,* with oral arguments by *Mr. Raley* and *Mr. Steiwer.*

BROWN, J.—In counsels' brief in support of their petition for rehearing, it is asserted, in substance, that the court, at the former hearing, had ignored the theory upon which the case was tried in the lower court.

7, 8. It is well settled that the theory upon which the case was tried in the court below must be strictly adhered to on appeal: 2 R. C. L., p. 79, § 55. But how is the theory of a case ascertained? As taught in the same section of R. C. L.:

"In order to determine the theory of a case as presented to the trial court, the appellate court will look to the entire record and the briefs of counsel, and will construe the pleadings on the theory most apparent, most clearly outlined by the facts stated, and according to their general scope and tenor": *Knight & Jillson Co.* v. *Miller,* 172 Ind. 27 (87 N. E. 823, 18 Ann. Cas. 1146); *Oolitic Stone Co.* v. *Ridge* (1908), 169 Ind. 639 (83 N. E. 246); *Lake Erie etc. R. Co.* v. *McFall* (1905), 165 Ind. 574 (76 N. E. 400); *M. S. Huey Co.* v. *Johnston* (1905), 164 Ind. 489 (73 N. E. 996); *Seymour Water Co.* v. *City of Seymour* (1904), 163 Ind 120 (70 N. E. 514).

9. Both the complaint and the answer allege the execution and the delivery to plaintiff by the defendant of a warranty deed conveying the lands described in the contract of August 21, 1917. The complaint shows that on October 17, 1917, the date of the execution and delivery of the warranty deed by Taylor to Winn, the lands thereby conveyed were encumbered by a lawful outstanding lease terminating October 1, 1919. The complaint further shows the amount of the damage, as measured by the rental value of the lands. The covenant of the deed warranting against encumbrances was broken at the instant it was made. The term "warranty deed" is well understood. As

stated in *Neff* v. *Rubin,* 161 Wis. 514 (154 N. W. 978):

"The term 'a warranty deed' in a contract for the sale and conveyance of land has in the law the clear and definite meaning that the vendor will convey the title to the premises by deed containing the usual covenants generally inserted in a warranty deed, which includes the covenant that the land is free and clear from encumbrances: 1 Warvelle, Vendors (2 ed.), §§ 418, 419. The court at an early day held that a contract to convey by 'a good and sufficient warranty deed' entitled the vendee to a warranty deed of the land 'free from all encumbrances': *Davidson* v. *Van Pelt,* 15 Wis. 341. Other cases to the same effect dealing with such contracts and the effects of covenants to convey by deed are: *Falkner* v. *Guild,* 10 Wis. 563; *Bateman* v. *Johnson,* 10 Wis. 1; *Davis* v. *Henderson,* 17 Wis. 105; *Curtis L. & L. Co.* v. *Interior L. Co.,* 137 Wis. 341, 347 (118 N. W. 853), and cases cited on p. 348; *Kramer* v. *Carter,* 136 Mass. 504."

10. The defendant attacks the complaint as pleading conclusions of law and as being insufficient and controlled by the instrument in writing executed on August 21, 1917, referred to in the complaint and made a part of the answer. It is a general rule of law that when a plaintiff declares on a written contract, he cannot be allowed to recover on proof of a verbal contract, or on one partly oral: 13 C. J. 753. But in making an application of this rule it should be remembered that Section 97, Or. L., provides that—

"No variance between the allegation in a pleading and the proof shall be deemed material, unless it have actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits."

The record shows that both the defendant and the plaintiff relied only partially upon the contract in writing, and as a part of the same transaction a parol

understanding was had in reference to the rent for the term from October 1, 1917, to October 1, 1918. The allegation of the complaint did not mislead the defendant. He made the writing a part of his answer and alleged a special contract in reference to the rent in defense to plaintiff's cause. It is said by an eminent law-writer that—

"The utmost liberality is shown by the courts in conforming the averments of the pleading to the case 'as proved, if the ends of justice will be subserved thereby": Sec. 574, Pomeroy's Code Remedies (4 ed.).

Mr. Justice BEAN, in the case of *Wehrung* v. *Portland Country Club,* 61 Or. 48, 54 (120 Pac. 747, 749), said:

"It is within the discretion of the trial court to disregard a variance between an allegation and the proof, and nothing short of an abuse of such discretion can be assigned as error upon an appeal: *Brown* v. *Moore,* 3 Or. 435, 438. A variance between the allegation of a pleading and the proof is not material, unless the adverse party has been actually misled to his prejudice upon the merits; and the party claiming or alleging that he was so misled must prove to the satisfaction of the court in what respect he was misled: *Dodd* v. *Denny,* 6 Or. 156, 158; *Hill* v. *Mellon,* 3 Or. 542. In such case, in the absence of proof showing that the party has been so misled, it is the duty of the trial court to treat the alleged variance as immaterial: *Moore* v. *Frazer,* 15 Or. 635, 638 (16 Pac. 869). Where the party has not proved that he has been misled, the court may either direct the fact to be found according to the evidence, or may order an immediate amendment without costs: Section 98, L. O. L.; *Stokes* v. *Brown,* 20 Or. 530 (26 Pac. 561); *Denn* v. *Peters,* 36 Or. 486, 490 (59 Pac. 1109); *Creecy* v. *Joy,* 40 Or. 28, 31 (66 Pac. 295). In the case at bar, there is an absence of proof showing that the defendant, upon the trial of the cause, was misled

to its prejudice in making its defense. Therefore, on this appeal, there is nothing upon which to base a finding that the trial court abused its discretion in this regard.''

To the same effect is *Nelson* v. *Dowgiallo,* 73 Or. 342 (143 Pac. 924, 1199).

11. The complaint in this case is not an example of perfect pleading, but is sufficient after a verdict. In holding this, we do not overlook the rule that, if the complaint is lacking in some material or essential allegation to establish a good cause, there can be no aider. As stated in *Nye* v. *Bill Nye Milling Co.,* 42 Or. 560, 561 (71 Pac. 1043, 1044):

''This principle has been so often announced by this court that further elaboration is unnecessary: *Weiner* v. *Lee Shing,* 12 Or. 276 (7 Pac. 111); *Booth* v. *Moody,* 30 Or. 222 (46 Pac. 884); *Foste* v. *Standard Ins. Co.,* 34 Or. 125 (54 Pac. 811); *Wright* v. *Ramp,* 41 Or. 285 (68 Pac. 731).''

12. Conclusions of law cannot be substituted for a statement of facts constituting the plaintiff's cause of action: *Nye* v. *Bill Nye Milling Co.,* 42 Or. 560 (71 Pac. 1043); *Chamberlain* v. *Townsend,* 72 Or. 207 (142 Pac. 782, 143 Pac. 924); *Hochfeld* v. *Portland,* 72 Or. 190, 194 (142 Pac. 824); *Greenberg* v. *German-American Ins. Co.,* 83 Or. 662, 665 (160 Pac. 536, 163 Pac. 820); *Hyde* v. *Kirkpatrick,* 78 Or. 466, 473 (153 Pac. 41, 488). But, as stated in *Oregon H. Builders* v. *Montgomery Inv. Co.,* 94 Or. 349, 356 (184 Pac. 487, 489):

''It is sometimes difficult to distinguish between conclusions of fact and conclusions of law, because it may be that a statement of fact cannot be made without including a conclusion, or it may be that a conclusion of law is such that, in the attending circumstances, it must be stated in the form of a statement of fact.''

13. In the instant case, rejecting statements of mere conclusions of law, we believe that the complaint is not defective by reason of omitting some material allegation, and therefore, as written by Justice THAYER in *Weiner* v. *Lee Shing,* 12 Or. 276 (7 Pac. 111):

"The verdict * * establishes every reasonable inference that can be drawn therefrom."

In the case at bar, the plaintiff was entitled to recover from the defendant, unless it was understood and agreed between the parties, as alleged by way of defense in the answer, that the defendant was to have the advance rent payable October 1, 1917, for the crop season for the year 1918. Testimony was adduced by the defendant upon this issue and it was submitted to the jury. The jury found against the defendant's contention. As the case stands, in the writing executed by Taylor on the twenty-first day of August, 1917, wherein he agreed to convey the said premises to Winn, no reservation was made of the rent. On the other hand, he promised in that writing to convey to Winn the said land by deed, and to furnish an abstract showing that the lands conveyed were free from all encumbrance. On October 17th following the execution of the writing, he made a deed to the lands conveyed, with the following covenants:

"And the said Moses Taylor, grantor above named, does covenant to and with the said Iley Winn, the above-named grantee, his heirs and assigns, that the above-granted premises are free from all encumbrances, except the right of way of the Oregon-Washington Railroad & Navigation Company through the lands described in said sections sixteen (16) and seventeen (17) and that he will, and his heirs, executors and administrators shall warrant and forever

defend the above granted premises, and every part and parcel thereof, against the lawful claims and demands of all persons whomsoever, save and except as to encumbrance above mentioned.''

As part payment for the lands, Winn executed his promissory note and secured the same by a mortgage upon the lands, which note bore interest at the rate of 6½ per cent per annum upon the sum of $50,000 from August 21, 1917, the date of the said writing.

14. Any inconsistencies between the terms of a contract of purchase of real estate and the terms of the deed are governed by the latter, into which the former are merged, and Winn's right to relief from the encumbrance depends upon the covenants for title which he received in his deed from Taylor: Rawle on Covenants for Title, § 320. To the same effect, see *Howes* v. *Barker*, 3 Johns. (N. Y.) 506 (3 Am. Dec. 526). In the case of *Houghtaling* v. *Lewis*, 10 Johns. (N. Y.) 297, it was held that—

''Articles of agreement for the conveyance of land are, in their nature, executory, and the acceptance of a deed, in pursuance thereof, is to be deemed, *prima facie*, an execution of the contract, and the agreement thereby becomes void, and of no further effect. Parties may, no doubt, enter into covenants collateral to the deed, or cases may be supposed when the deed would be deemed only a part execution of the contract, if the provisions in the two instruments clearly manifested such to have been the intention of the parties. But the *prima facie* presumption of law arising from the acceptance of a deed is that it is an execution of the whole contract; and the rights and remedies of the parties, in relation to such contract, are to be determined by such deed, and the original agreement becomes null and void.''

The court cites *Howes* v. *Barker*, 3 Johns. (N. Y.) 506 (3 Am. Dec. 526), and observes that Chief Justice

KENT in that case said he could not surmount the impediment of the deed which the plaintiff had accepted from the defendant, and that he thought himself bound to look to that deed as the highest evidence of the agreement of the parties.

It is said in the case of *Bull* v. *Willard,* 9 Barb. (N. Y.) 641, that—

"Contracts for the sale of land are, in their nature, executory; and generally, the acceptance of a deed, in pursuance of a contract, is *prima facie* an execution thereof, and the rights and remedies of the parties are to be determined by the deed. * * "

The court also holds that a covenant, in order to be deemed collateral and independent, so as not to be destroyed by the execution of the deed, must not look to, nor be connected with, the title, possession, quantity, or emblements of the land which is the subject of the contract. If it does so, the execution of the deed, in pursuance of the contract, will operate as an extinguishment of it.

In the case of *Shontz* v. *Brown,* 27 Pa. 123, 131, it is held:

"When a condition is performed it is thenceforth merged and gone. The presumption of law is that the acceptance of a deed in pursuance of articles is a satisfaction of all previous covenants, and where the conveyance contains none of the usual covenants the law supposes that the grantee agreed to take the title at his risk. * * The general rule is that a purchase is consummated by the conveyance; after which the parties have no recourse to each other except for imposition or fraud, or upon the covenants in the deed": *Bailey* v. *Snyder,* 13 Serg. & R. 160; *Farmers' etc. Bank* v. *Galbraith,* 10 Barr. 490.

A well-known authority on real estate has written thus:

98 Or.—37

"When a deed is delivered and accepted as performance of a contract to convey, the contract is merged in the deed. Though the terms of the deed may vary from those contained in the contract, still the deed must be looked to alone to determine the rights of the parties. 'No rule of law is better settled than that where a deed has been executed and accepted as performance of an executory contract to convey real estate, the contract is *functus officio*, and the rights of the parties rest thereafter solely on the deed'": 2 Devlin on Real Estate (3 ed.), § 850a, and authorities there cited.

In *Coleman* v. *Hart*, 25 Ind. 258, it is said that, "An oral agreement is merged in the covenants of a deed."

15. From the evidence and the pleadings, it would seem that the plaintiff had a right of action by reason of a breach of the covenant against encumbrances.

In the case of *Seitzinger* v. *Weaver*, 1 Rawle (Pa.), 377, it is said:

"Now, every burden on the estate, or clog on the title, such as a term for years, * * is an encumbrance. This special covenant of seisin is broken by the existence of an encumbrance created by the vendor, the instant it is sealed and delivered": Citing *Funk* v. *Voneida*, 11 Serg. & R. 109.

The Supreme Court of this state, speaking through Mr. Justice BURNETT, in *Friendly* v. *Ruff*, 61 Or. 42, 46 (120 Pac. 745, 746), thus defines the term "encumbrance":

"An encumbrance, within the terms of such a covenant, includes any right to or interest in the land to the diminution of its value, but consistent with the passage of the fee by the conveyance."

" 'Encumbrance,' when used in reference to real estate, includes every right to, or interest in, the land granted, to the diminution of the value of the land,

but consistent with the passing of the fee by the owner thereof'': Bouvier's Law Dictionary, and numerous authorities there cited.

This court has approved the following definition of the term ''rent'':

'' 'Rent,' in the legal sense, is a compensation paid for the use of demised premises, and is treated as a profit arising out of lands and tenements corporeal'': *Kaston* v. *Paxton,* 46 Or. 310 (80 Pac. 209, 114 Am. St. Rep. 871).

To the effect that the unexpired lease to Hansell constituted a breach of the covenant of the deed protecting Winn against encumbrances, see *Estep* v. *Bailey,* 94 Or. 59, 64 (185 Pac. 227). Also, see list of cases in note, *Musial* v. *Kudlik,* 87 Conn. 164 (87 Atl. 551, Ann. Cas. 1914D, 1176).

16. Defendant asserts that plaintiff had full knowledge of the outstanding lease and knew that defendant had collected the rent in advance, and that his action in accepting the warranty deed and paying the full purchase price for the land constituted a full settlement and satisfaction of any disputed claim he may have had for rent for the year from October 1, 1917, to October 1, 1918. This contention of defendant is erroneous. The rule of law, as stated by Justice BREWER, is that—

''The very purpose of the covenant is protection against defects; and to hold that one can be protected only against unknown defects would be to rob the covenant of more than one half its value, besides destroying the force of its language. If, from the force of the covenant, it is desired to eliminate known defects, or to limit the covenant in any way, it is easy to say so. General in its language it reaches to all defects within its terms, known or unknown'': *Barlow* v. *Delaney* (C. C.), 40 Fed. 97.

Mr. Justice MOORE, in speaking for this court, in substance held that—

"The fact that an encumbrance not excepted from the operation of the covenant was known to the grantee is no defense to an action for breach of such covenant": *Corbett* v. *Wrenn,* 25 Or. 305 (35 Pac. 658).

It is now held almost universally that when a grantor executes a warranty deed containing covenants, as in the case at bar, the covenantor covenants against known, as well as unknown, defects. This is so even though both parties may be in possession of all the facts: *Brown* v. *Taylor,* 115 Tenn. 1 (88 S. W. 933, 112 Am. St. Rep. 811, and note, 4 L. R. A. (N. S.) 309 and note); *Musial* v. *Kudlik,* 87 Conn. 164 (87 Atl. 551, Ann. Cas. 1914D, 1176, and note). In the case of *De Mars* v. *Koehler,* 62 N. J. Law, 203 (41 Atl. 720, 72 Am. St. Rep. 642), the court says that—

"Knowledge of the existence of an encumbrance not only did not destroy its inherent character as an encumbrance, but might, and often did, lead to the purchaser's requiring the grantor to protect him by covenant."

This reversed a former New Jersey case that had often been cited to the contrary.

17. In the case at bar, the general rule of law is that, in the absence of any special circumstance, the measure of recovery is the rental value of the land from October 1, 1917, to October 1, 1918, the period of time for which Taylor collected the rent: *Estep* v. *Bailey,* 94 Or. 59, 66 (185 Pac. 227). See, also, *Christie* v. *Ogle,* 33 Ill. 295; *Wragg* v. *Mead,* 120 Iowa, 319 (94 N. W. 856); *Brown* v. *Taylor,* 115 Tenn. 1 (88 S. W. 933, 4 L. R. A. (N. S.) 309); *Beutel* v. *American Mach. Co.,* 144 Ky. 57 (137 S. W. 799, 35 L. R. A. (N. S.) 779, and note). The fact that

Hansell attorned to the plaintiff for the rent of the premises for the crop season of 1919 does not affect in the least, or satisfy, the encumbrance that existed upon the place for the crop season of 1918: *Musial* v. *Kudlik,* 87 Conn. 164 (87 Atl. 551, Ann. Cas. 1914D, 1176).

"Damages under a covenant against encumbrances in a warranty deed are a just compensation for the injury actually suffered": 7 R. C. L. 1180, § 103; *Funk* v. *Voneida,* 11 Serg. & R. (Pa.) 109 (14 Am. Dec. 617).

The actual injury was the rent for the crop season of 1918.

When an encumbrance cannot be removed, as in the present case, where the tenant Hansell held possession under a valid lease, the plaintiff may be "allowed the annual value, or interest on the purchase money, during the length of time his enjoyment is suspended, or what would be a fair rent for the land": 2 Devlin on Real Estate (3 ed.), § 920.

FORMER OPINION SUSTAINED ON REHEARING.