Argued February 3, affirmed February 9, rehearing denied March 9,
1926.

# ANDY HAGMAN v. H. W. WEBBER.

### (243 Pac. 91; 244 Pac. 83.)

**Reformation of Instruments—Reformation Refused, Where Mutual
Mistake not Shown.**

1. Reformation of contract to specify amount of rock furnished
was properly refused, where it was shown that parties discussed
matter at time contract was executed but did not include it, un-
der Section 713, Or. L., excluding evidence to vary terms of writ-
ten agreement; the omission not being due to mutual mistake.

#### ON PETITION FOR REHEARING.

**Appeal and Error—Party Having Case Tried· in Equity may not
Present Case on Different Theory on Appeal.**

2. Where defendant, by submitting case on certain theory, has
caused case to be tried in equity, thereby preventing plaintiff from
benefit of jury trial, he will not be allowed to present case on
different theory on appeal from adverse judgment.

**Equity.**

3. Equity, having taken jurisdiction in cause, will retain it,
and determine all issues both at law and in equity.

---

Appeal and Error, 3 **C. J.**, p. 723, n. 72, p. 724, n. 78; 4 **C. J.**,
p. 778, n. 75.
Contracts, 13 **C. J.**, p. 777, n. 6.
Equity, 21 **C. J.**, p. 134, n. 5.
Reformation of Instruments, 34 **Cyc.**, p. 984, n. 34.

From Josephine: F. M. CALKINS, Judge.

Department 1.

AFFIRMED.

For appellant there was a brief and oral argument
by *Mr. O. S. Blanchard.*

For respondent there was a brief over the name of
*Mr. W. T. Miller,* with an oral argument by *Mr. A. C.
Hough.*

---

1. See 23 **R. C. L.** 327.
2. See 2 **R. C. L.** 183.
3. See 10 **R. C. L.** 370.

BURNETT, J.—1. On August 31, 1921, the defendant, as party of the first part, and the plaintiff, as party of the second part, executed the following contract, omitting signatures:

"This contract and agreement drawn this 31st day of August, 1921, between H. W. Weber, the party of the first part, and Andy Hagman, party of the second part, to do certain work specified below on the California State Highway, known as headquarters camp.

"The party of the first part agrees to pay the party of the second part 65¢ per cubic yard for all rock delivered to the crusher of said H. W. Webber's quarry but said rock not to exceed a size that will go into crusher without re-breaking. The party of the first part further agrees to pay the party of the second part $31.50 to do all stripping of said surface of quarry. Further agrees to furnish steel, blacksmith shop, rails and car for said above work with no cost to the party of the second part.

"The party of the second part agrees to deliver the above rock as specified by the State Highway Engineer from time to time for the above sum of 65¢ a yard, to do all stripping, according to specifications of the Engineer and deliver not less than 200 yards per day. The party of the second part further agrees to furnish everything to carry on said work excepting what is mentioned above in Paragraph of party of the first part, further agrees that all breakage caused by any blasting of said plant which party of the first part will construct at said quarry that party of the first part will be responsible for all costs of repairs and breakage caused by any blasting.

"The party of the first part agrees to pay to the party of the second part the first day of every month 80 per cent of the amount earned in the previous month and hold the balance of 20 per cent till the above contract is completed."

The complaint is to the effect that pursuant to that contract the defendant delivered 4,007 yards of

rock and in all respects fully complied with the terms of the said contract and that the work performed amounts to $2,604.55, of which the defendant has paid $1,165.44, leaving a balance due the plaintiff and unpaid in the sum of $1,439.11. The answer denies all the allegations about performance of the contract and balance due, denies that the contract above quoted and attached to the complaint as Exhibit "A" contains the whole of the agreement, and avers that the real contract is contained in the further and separate answer. The substance of the separate answer is that the actual agreement was for the delivery of 8,000 cubic yards of rock for highway purposes on a certain section of the California State Highway, then being constructed, and for which the defendant had a contract, and that the amount to be delivered and the quality of the rock and freedom from dirt was omitted by mutual mistake.

Assigning as a breach of the contract as the defendant says it should be, the answer contains this allegation:

"That the said plaintiff not only furnished rock contrary to specifications, as aforesaid, but violated the said agreement by moving off from the said quarry and refusing to deliver rock according to the terms of said agreement, and by such deliberate, malicious and wrongful action, the defendant herein was put to a large expense; that instead of delivering to said crusher at least 8,000 cubic yards of rock, the defendant actually delivered 2913 cubic yards, leaving the defendant herein to otherwise provide for the delivery to said crusher of 5087 yards; that the said defendant has been obliged to provide for such delivery at an expense of $1.35 per cubic yard, whereby this defendant has been damaged in the sum of $3560.90."

The prayer of the answer is for reformation of the contract and for judgment against the plaintiff for damages. A reply denies the new matter in the answer. The Circuit Court made findings of fact whereby the writing was reformed so that it should require the plaintiff to deliver rock free of dirt so as to pass the inspection of the highway engineer in charge of the district, but refused to reform it so as to require the amount to be specified. The findings of fact then make allowance for the rock delivered and make sundry deductions for damages and payments, leaving a net balance due the plaintiff in the sum of $703.43, for which judgment was entered, and the defendant appeals.

The substance of the defendant's contention is that the plaintiff abandoned the work before it was completed and did not deliver 8,000 yards of rock, on account of which the defendant was compelled to incur an additional expense over the contract price in completing his own contract in contemplation of which the stipulation was entered into between the plaintiff and the defendant.

The testimony of the defendant himself is to the effect that the writing was drawn up at his own dictation some two or three weeks after the plaintiff began work and submitted to the latter for his signature. Asked by counsel the following question:

"Q. Did he make any objections to it at the time?" the defendant answered thus:

"A. None whatsoever, with the exception of yardage. He said, 'Why didn't you put in the full amount of yardage?' and I says, 'That ain't necessary, Hagman, I forgot it. I can put it in if you want it, you have got the whole job. It is 8000 yards,' and I says,

117 Or.—23

'If we get the other job it will run into more yardage, which it has.' "

Under the view we take of this testimony it excludes the idea of mutual mistake, upon which a court of equity will reform an instrument. The attention of both parties was directed to the particular matter involved and they executed the contract without putting in that provision. Under such circumstances· the provision of Section 713, Or. L., applies:

"When the terms of an agreement have been reduced to writing by the parties, it is to be considered as containing all those terms, and therefore there can be, between the parties and their representatives or successors in interest, no evidence of the terms of the agreement, other than the contents of the writing, except in the following cases:

"1. Where a mistake or imperfection of the writing is put in issue by the pleadings; * * "

The parties are in direct contradiction of each other about any specified amount of rock which the plaintiff was to furnish, and in view of the statement above quoted to the effect that the matter was discussed at the time but not put into the writing, the situation amounts to a failure of proof on the part of the defendant of his allegation of mistake in that respect.

Without the contract being reformed to include the specified amount of 8,000 yards of rock to be delivered, the defendant is without basis to recover for damages for the increased cost over the contract price, which he incurred in furnishing the balance to complete the delivery of the 8,000 yards. For this reason the decision of the Circuit Court must be affirmed.                                   AFFIRMED.

McBride, C. J., and Rand and Coshow, JJ., concur.

Rehearing denied March 9, 1926.

ON PETITION FOR REHEARING.

(244 Pac. 83.)

For the petition, *Mr. O. S. Blanchard.*

*Contra, Mr. A. C. Hough* and *Mr. W. T. Miller.*

COSHOW, J.—The defendant has presented a very earnest petition for rehearing alleging error in our opinion because we did not hold that defendant was entitled to damages for plaintiff's breach of his alleged contract to deliver 8,000 yards of rock. Defendant says in his petition:

"We do not care, as we said on oral argument, whether the contract is reformed or not. We offered parol evidence to prove the exact amount of rock that was to be delivered. The evidence was admitted without objections, and, under *American Contract Co.* v. *Bullen Bridge Co.* was not only admissible, but absolutely essential to Hagman's case. Therefore, there is now before this court of equity—omitting the reformation request—the question as to whether the court is going to permit Hagman to (a) recover on something which is not a contract, or (b) permit his alleged contract to stand alongside of a parol agreement which is necessary to make it a contract."

The defendant relies on *American Contract Co.* v. *Bullen Bridge Co.*, 29 Or. 549 (46 Pac. 138), where the principle is thus expressed:

"But if the writings constitute a part only of an oral agreement entered into between the parties, parol evidence was admissible to prove the terms and conditions of that part of the agreement not embraced within or in conflict with the offer and its acceptance, and hence the judgment complained of was errone-

ous." See the compilation of authorities on this subject in the notes to *Ferguson* v. *Rafferty*, 128 Pa. 337 (18 Atl. 484, 6 L. R. A. 33).

2. The defendant, by asking that the contract be reformed so as to provide for the number of yards of rock to be delivered, conceded that in order for him to get the benefit of that alleged element of the contract it was necessary to have the contract reformed. Having submitted his case to the Circuit Court on that theory, he cannot now be allowed to proceed here under a different theory. He thereby caused the case to be tried in equity, thus preventing the plaintiff from having the benefit of a jury trial. This court has held in a number of cases that a litigant will not be allowed to present a case here on a different theory from the one employed in the Circuit Court. Having selected the forum below he must proceed to the end in the same forum.

*Jones* v. *Waring*, 101 Or. 403 (200 Pac. 908); *Winn* v. *Taylor*, 98 Or. 556 (190 Pac. 342, 194 Pac. 857); *Wallace* v. *American Life Ins. Co.*, 111 Or. 510, 525 (225 Pac. 192, 227 Pac. 465).

3. Equity having taken jurisdiction in a cause will retain it and determine all the issues both at law and in equity. Therefore if defendant had proven to the satisfaction of the court that the contract required plaintiff to supply a definite quantity of rock, the court would have awarded him damages for a breach of that requirement by the plaintiff. The effect of the finding on that issue is that defendant failed to prove the allegation on that issue.

If defendant would justify himself by the fact that the contract was reformed in other particulars, and, therefore, he was proceeding here on the same theory he pursued below, then we answer, that he had the

benefit of the evidence. Both the circuit and this court found against him on that issue. The effect of that finding is that the parties did not agree that the plaintiff should deliver a definite quantity of rock. They discussed the matter. The defendant testified that the contract was to the effect that the plaintiff should deliver the entire quantity of rock required for a particular job. The plaintiff testified that the defendant promised him that amount of work. The defendant prepared the contract omitting such provision. The omission was discussed before the contract was executed, and several different quantities and other jobs were mentioned by defendant. It was agreed to leave the quantity of rock out of the contract. The parties by deliberate choice left the quantity of rock to be delivered indefinite. The finding of both courts is therefore in effect that the parties did *not* agree that plaintiff should deliver a definite quantity of rock. For that reason the courts have refused to reform the contract in that particular. The plaintiff did not breach the contract by quitting before furnishing the quantity of rock as claimed by the defendant because the agreement did not require him to furnish any definite quantity of rock, nor sufficient rock for any particular section of the highway. Petition for rehearing is denied.   REHEARING DENIED.

McBRIDE, C. J., and BURNETT and RAND, JJ., concur.