Argued November 26, 1958, reversed and remanded
January 14, 1959

# SHEPPARD *v.* FIRTH
334 P. 2d 190

*Howard P. Arnest,* Portland, argued the cause and filed briefs for appellant.

*Nicholas Granet,* Portland, argued the cause for respondent. On the brief was Ben T. Gray, Portland.

Before PERRY,[*] Chief Justice, and LUSK and SLOAN, Justices.

PERRY, J.

This is an action for damages brought by the plaintiff against the defendant P. B. Firth, a chiropractic physician.

The cause was submitted to the jury, not as to error of diagnosis, but solely on the issue of whether or not the defendant had been negligent in treating the back ailment of plaintiff.

Plaintiff prevailed and the defendant appeals.

The plaintiff testified that she had had some pain in the lower part of her back for a period of ten years; that she had gone to chiropractors at various times and obtained relief; that she went to the defendant, who was a chiropractor, relieving human ailments by adjustment of the spinal vertebrae; that by use of an

---

[*] Chief Justice when case was argued.

instrument called a neurocalometer and by X ray defendant diagnosed her difficulty as the result of a displacement of the atlas vertebrae; that defendant informed her this displacement caused pressure on her spinal cord and this resulted in causing the pain in her lower back. The defendant prescribed adjustment or manipulation of the offending vertebrae. Plaintiff described the treatment as follows:

> "And he laid me on this table, or what place he has there to work on, on my right side with this right leg straight out on the table. And he brings the other knee bent up toward my chin and he puts his knee on this bent leg and pushes it back, see, from him. Well, he brings my shoulder here, my left shoulder, pulls it over toward the edge of the table and bends it down toward him, and pulls on the shoulder and pushes on my leg."

After nine such treatments, plaintiff's back becoming more painful, she dispensed with the defendant's services and placed herself in the hands of an orthopedic surgeon of recognized professional ability. This medical practitioner diagnosed the plaintiff's difficulty as a subacute muscle sprain in the lumbosacral area, and prescribed bed rest, traction, and bracing of the back.

The medical practitioner, who stated he had no training in treating ailments through chiropractic adjustments, by hypothetical question was asked whether or not in his opinion the defendant's "treatment * * * for the ailment that she [plaintiff] described when she went to see Dr. Firth" was proper. Over a proper objection by the defendant, the medical practitioner was permitted to state that in his opinion the treatment afforded the plaintiff by the defendant was not proper and resulted in aggravating the plaintiff's condition.

■ The defendant assigns as error the ruling of the trial court which permitted the medical doctor to express this opinion.

In *Wemett v. Mount,* 134 Or 305, 313, 292 P 93, we said:

> "It is the general rule that in a malpractice action a physician or surgeon is entitled to have his treatment of his patient tested by the rules and principles of the school of medicine to which he belongs, and not by those of some other school, because a person professing to follow one system or school of medicine cannot be expected by his employer to practice any other, and if he performs a treatment with ordinary skill and care in accordance with his system, he is not answerable for bad results."

See, also, *Hilgedorf v. Bertschinger,* 132 Or 641, 645, 285 P 819.

There is, of course, an exception to this general rule which arises whenever the methods of treating a particular ailment are generally the same in either school, *Wemett v. Mount,* supra; or where a physician, although trained in one school, steps out of the practice of his own school and attempts to treat a patient in the manner practiced by another school. *Hilgedorf v. Bertschinger,* supra. Neither of these exceptions are applicable to the facts of this case.

■ This general rule, that a practitioner is entitled to have his treatment of his patient tested by the rules and principles of the school to which he belongs, applies to drugless practitioners. See cases cited in 19 ALR2d 1198, § 6, including therein *Hilgedorf v. Bertschinger,* supra.

The thought contained in the quotation from *Wemett v. Mount,* supra, is that a person seeking treatment from a practitioner of a given school agrees to

accept the curative practices and belief of that particular school, and if the practitioner treats the patient reasonably skillfully in accordance with the teachings of his school he incurs no liability.

Therefore, it is apparent the courts are not concerned with the merits of the various systems that seek to relieve human ailments. It is sufficient to state that many of our citizens believe in the efficacy of drugless treatments and secure the services of those practicing them.

■ The unfairness of permitting a practitioner of one school, who uses one method to cure an ailment, to measure the treatment and skill of a practitioner of another school, who uses a different method, must be equally apparent.

This is precisely what happened in this case and constituted prejudicial error.

■ It was also error for the trial court to permit the medical practitioner to testify as to the value of a neurocalometer (an instrument used by chiropractors) to indicate a subluxation of a spinal vertebrae, the doctor having testified he had no knowledge of the instrument or its uses. *Burroughs v. The Curtiss Lumber Co.*, 58 Or 270, 114 P 103.

The defendant assigns other errors relative to the denial of his requested instructions, but as these assignments deal generally with matters already discussed we do not believe they will occur again on a retrial of the issues.

■ The defendant also complains of the trial court's denial of his motions for nonsuit, directed verdict, and judgment non obstante veredicto. It is sufficient to say, there is some testimony by the plaintiff relative to the adjustments administered to her by the defendant which, if true, would show that the treatment given

did not accord with the prescribed treatment for her ailment as advocated by the school of chiropractic.

The judgment is reversed and remanded for a new trial.