Argued January 17, affirmed March 21, 1977

## STATE OF OREGON, *Respondent,*
*v.*
## JOHN EDWARD BAUCOM, *Appellant.*
(No. 16-566, CA 6851)

561 P2d 641

Robert C. Cannon, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee and Tanzer, Judges.

SCHWAB, C. J.

**SCHWAB, C. J.**

Defendant appeals from his conviction after a trial without a jury of assault in the first degree. ORS 163.185. Defendant admitted committing the assault and relied at trial on the affirmative defense of mental disease or defect. ORS 161.295(1). Defendant argues that the court (1) improperly excluded the testimony of a psychiatric social worker as to whether defendant was suffering from a mental disease or defect at the time he committed the assault, and (2) improperly admitted the testimony of a psychiatrist who examined defendant on behalf of the state without first giving defendant adequate *Miranda* warnings.

After the assault in question, Mary Ananda, a psychiatric social worker, counseled defendant in 10 one-hour sessions. At trial, defendant sought to have Ananda testify as an expert witness as to whether defendant suffered from a mental disease or defect at the time he committed the assault. The state objected on the grounds that Ananda was not qualified to testify as an expert, and the following colloquy ensued:

"Q [BY DEPUTY DISTRICT ATTORNEY]: Do you know what forensic psychiatry means, taking a history and observation of individuals and going back to a particular date and making a diagnosis of what that person was suffering from at the time that he did it, like in this particular case? Could you do that?

"A [BY MS. ANANDA]: I don't do that in my work.

"Q You don't do that. You are not trained to do that.

"A. I don't do that in my work.

"Q You rely on someone else to make the label?

"A. No. I do not rely on someone else. That is all my job is to see that person for one hour.

"Q. Right. Well, that person comes to you with a history, doesn't he?

"A. And I evolve that history in my discussions with that person and I don't take a formal history.

"Q. All right. You are not trying to go back and make retrospective decisions on what mental disease or defect a person was suffering in the past then?

"A. I take that information to look at what the person has learned and what we in interaction can learn about that person's behavior, yes.

"Q. But you don't make a specific diagnosis of mental disease or defect?

"A. I do not."

■■ Before an individual may be allowed to offer opinion testimony as an expert, it must be established not only that the subject matter of the opinion is a proper one for expert testimony, but that the individual offering the opinion is "a person skilled touching the matter of inquiry." *Wagner v. Portland,* 40 Or 389, 406, 60 P 985, 67 P 300 (1902). *See also Highway Commission v. Nunes et al,* 233 Or 547, 379 P2d 579 (1963); *Burroughs v. The Curtiss Lumber Co.,* 58 Or 270, 114 P 103 (1911). Here Ananda testified that her work did not encompass making retrospective diagnoses of the existence of a mental disease or defect—an admission that she was not "a person skilled touching the matter of inquiry." Under these circumstances the court did not err in refusing to allow Ananda to offer expert testimony.

■ Defendant maintains that Ananda should have been allowed to offer a lay opinion as to defendant's sanity. ORS 41.900(10) provides:

"Evidence may be given of the following facts:
"* * * * *

"(10) * * * the opinion of an intimate acquaintance respecting the mental sanity of a person, the reason for the opinion being given."

We need not decide whether Ananda could be considered an "intimate acquaintance" of defendant, or whether ORS 41.900(10) should properly apply to opinions given by an acquaintance as to an individual's sanity at some time in the past when the acquaint-

ance had not yet met the individual,[1] for here defendant did not request that Ananda be allowed to testify as a lay witness. Defendant's sole contention at trial was that Ananda should have been allowed to testify as an expert; no mention was made of Ananda's possible qualifications as a lay witness. Defendant cannot seek to qualify his witness for the first time on appeal. *Edwards, Guardian v. Hoevet,* 185 Or 284, 200 P2d 955, 6 ALR2d 104 (1949); *Hagman v. Webber,* 117 Or 350, 243 P 91, 244 P 83 (1926).

In order to discuss defendant's second assignment, we first set forth the chronology of pertinent events. Defendant was not in custody prior to trial. When, during that period, he indicated his intention of relying upon the defense of mental disease or defect, the state arranged for him to be examined by a psychiatrist and on February 23 wrote his trial attorney, Gabriel Berg, as follows:

"Dear Mr. Berg:

"Please find enclosed herewith xerox copies of Notice of State's Intention for Psychiatric Examination of Defendant and Order Allowing Psychiatric Examination of Defendant by State.

"I have informed Dr. Hayes that your client probably has the right to have you present at his psychiatric examination and that you may choose to do so.

"I asked Dr. Hayes to make sure that he tells Mr. Baucom that he is a psychiatrist employed by the State and that he may be forced to testify in court against your client. Along this line, I would suggest that you inform Mr. Baucom that he has the right not to answer any incriminating questions posed by Dr. Hayes. The case on point is *State v. Corbin* 98 Or Ad Sh 247.

"* * * * *."

---

[1] *Compare State v. Hassing,* 60 Or 81, 118 P 195 (1911) (defendant's jailor allowed to offer lay opinion as to defendant's sanity at time crime was committed) *with State of Oregon v. Garver,* 190 Or 291, 225 P2d 771, 27 ALR2d 105 (1950) (accomplice of defendant not "intimate acquaintance" and not entitled to offer lay opinion of defendant's sanity) *and State v. Hansen,* 25 Or 391, 35 P 976, 36 P 296 (1894) (sheriff who arrested defendant allowed to offer lay opinion as to defendant's sanity on day following commission of crime).

Apparently Mr. Berg elected not to accompany his client to the psychiatric examination, for an appointment was made and the defendant appeared in the office of the state psychiatrist, Dr. Hayes, without his counsel. Dr. Hayes advised the defendant that he was representing the prosecuting attorney, that he was not the defendant's personal doctor and that some of the information which he gained in the interview might be used in court and might work against defendant's interest. He did not advise the defendant that he had the right to have his lawyer present during the examination.

At the outset of the trial the following transpired:

"[DEPUTY DISTRICT ATTORNEY]: I believe the defendant is willing to stipulate that on September 5th, 1975, he did in Washington County, Oregon, recklessly under circumstances manifesting extreme indifference to the value of human life cause serious physical injury to [his infant stepdaughter] by striking the said [stepdaughter] about the head with his hands.

"Then the case would then proceed to the defendant's case in chief.

"The stipulation being that if the Court does not find the defendant irresponsible for his act pursuant to his insanity defense, then he would be guilty of assault in the first degree. That is, if he didn't carry the burden.

"* * * * *

"MR. BERG: Yes, that is the stipulation.

"THE COURT: Mr. Baucom, do you understand what has been done and do you so stipulate?

"THE DEFENDANT: Yes, sir.

"[DEPUTY DISTRICT ATTORNEY]: The essence of the stipulation is that if the Court does not believe the defendant carries the burden of proof on the insanity issue that the Court may then enter a finding of guilty to the crime of assault in the first degree?

"THE COURT: Is that your understanding?

"MR. BERG: That is correct, Your Honor.

"THE COURT: Do you understand this, Mr. Baucom?

"THE DEFENDANT: Yes, Your Honor.

[ 762 ]

"MR. BERG: It will either be guilty or not guilty by reason of insanity.

"THE COURT: All right. Thank you.

"[DEPUTY DISTRICT ATTORNEY]: I would waive opening statement, Your Honor.

"THE COURT: All right.

"MR. BERG: I will call Dr. Phillips, Your Honor."

■ The first witness, defense psychiatrist, Dr. Richard Phillips, in the process of giving his opinion that the defendant was suffering from a mental aberration at the time of the beating, repeated in detail what the defendant had told him about the circumstances of the beating he had given the child. When the state called its psychiatrist, Dr. Hayes, he was permitted, over defendant's objection, to testify what the defendant had told him about the beating. The defendant argues that under *State v. Corbin,* 15 Or App 536, 516 P2d 1314 (1973), Sup Ct *review denied* (1974), Dr. Hayes's testimony should have been excluded because Dr. Hayes had not told the defendant of his right to have counsel present at the examination. The state argues that *Corbin* does not hold that such is necessary and implies that if *Corbin* is to be so read, it was improperly decided. We need not consider either contention. Even if we do not conclusively assume from what transpired that the defendant or his lawyer, or both of them, waived the right to have counsel present at the psychiatric examination, and even if we assume that Dr. Hayes should have told him of this right, there would be no reason for a reversal. Dr. Hayes's testimony as to what the defendant told him of the crime had already been stated in at least as great detail by the defense psychiatrist, Dr. Phillips, and was consistent with it. If there was any possible prejudice, it escapes us.

Affirmed.